Allen, J.
 

 This case is sharply distinguishable from the case of
 
 Henderson
 
 v.
 
 Cleveland Ry. Co., ante,
 
 468, 175 N. E., 863, recently decided. There is a material distinction between the situation presented where a pedestrian or traveler in an automobile acts upon the “go” signal of a traffic light required by a municipality to be maintained at an intersection, and the situation here presented, where a traveler approaches an intersection at which an automatic signal is maintained and operated purely on its own initiative by a public utility.. In the first-instance, there is a positive prohibition imposed by law upon entrance by any traffic into the intersection
 
 *641
 
 in opposition to the light. In the second instance, the signal is a warning merely. It indicates the presence of the railroad and the possibility of danger. It does not, and cannot, as in the
 
 Henderson case, supra,
 
 give notice of the fact that a car or train is prohibited by law from proceeding along the track. The signal voluntarily operated by the utility is merely intended to impress upon the mind of the approaching traveler more vividly than by any other means the fact that before him lies a dangerous track which he must cross.
 

 Since the jury found that O’Day could have seen the interurban car in time to stop his automobile in a place of safety if he had looked, and that he did not look to the south for an interurban car when far enough from the railroad track to stop his automobile before crossing, the trial court committed reversible error in not rendering judgment for the defendant. The conflict was clear and irreconcilable as between the special findings -and the general verdict in favor of the plaintiff.
 
 Davis
 
 v.
 
 Turner,
 
 69 Ohio St., 101, 68 N. E., 819. Since the jury found these facts, necessarily the decedent was guilty of contributory negligence. Under Section 11464, General Code, the special findings control, and therefore the motion for judgment upon the interrogatories should have been sustained.
 
 Central Gas Co.
 
 v.
 
 Hope Oil Co.,
 
 113 Ohio St., 354, 149 N. E., 386.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Marshall, C. J., Matthias, Kinkade and Robinson, JJ., concur.
 

 Jones, J., not participating.