498

Common Pleas Court of Hamilton County.

BERTHA LYNCH, ADMRX V. PENNSYLVANIA RAILROAD CO., ET AL.

Decided May 28, 1931.

*Dolle, O'Donnell & Cash,* for plaintiff.

*Leo J. Brumleve, Jr.,* for Cincinnati Street Railway Company.

*Maxwell & Ramsey* and *Gregor B. Moorman,* for the railroad company.

*John D. Ellis, City Solicitor,* and *Jacob Hauptman, Assistant City Solicitor,* for the city.

ALFRED MACK, J.

Plaintiff seeks to recover damages for the death of her

decedent as the result of the striking of an automobile in which he was riding by a locomotive of the Railroad Companies at a grade crossing over Erie Avenue, in Cincinnati, Ohio. In detail the petition states the alleged negligence of the various defendants as follows:

That the Street Railway Company maintained a watchman at said crossing; that such watchman stood at the railroad crossing and signalled the street car to cross the railroad tracks; that the watchman remained standing on the tracks looking in the direction in which the locomotive of the Railroad Companies was approaching; that while so standing and looking he knew that vehicles were approaching the crossing; that he stood in such position until the street car which he signalled had progressed a distance of twenty feet beyond the crossing when such watchman turned and walked toward the street car; that said Street Railway Company maintained a signal light which flashed green while the street car was crossing the railroad tracks and until it reached a point twenty feet beyond the crossing; that such green light ordinarily and customarily is used to indicate safety; that the Street Railway Company maintained a booth for its watchman at the crossing, which appeared to be a booth of the watchman of the steam Railroad Companies; that no warning of approaching train was given decedent by such watchman.

That the steam Railroad Companies operated a locomotive without any signal of its approach; that the decedent's view of the steam railroads right of way was obstructed by high weeds and trees adjacent to the crossing; that the locomotive was operated at a speed in excess of thirty-five miles per hour, in violation of an ordinance of the City of Cincinnati limiting such speed at grade crossings to ten miles per hour.

As to the City of Cincinnati, it is alleged that just prior to the accident the City had placed fresh oil on the highway rendering it slippery, so that the automobile which decedent was driving did not stop but slipped on to the railroad crossing. It is alleged that "when the locomotive came in view, plaintiff's decedent applied the

brakes to the automobile which he was driving", but that due to the oil on the highway the automobile did not stop.

As a conclusion to the various specific acts of negligence of the different defendants, it is alleged that the death of plaintff's decedent "was proximately due to the joint and concurrent negligence and carelessness of the defendants in the following particulars": (Again repeating the detailed acts of negligence set out in the petition.)

Both steam Railroad Companies demur to the petition upon the ground that it does not state facts sufficient to constitute a cause of action against such defendants or either of them. Defendant the City of Cincinnati demurs to the petition upon the ground that there is a misjoinder of parties defendant. Considering these demurrers in their order, the Court is of the following opinion:

### DEMURRER OF STEAM RAILROAD COMPANIES.

It is claimed by the steam Railroad Companies that notwithstanding their alleged negligence, the petition on its face shows such contributory negligence on the part of plaintiff's decedent as under the decisions of *Railroad Co.* v. *Goodman, Admx.*, 275 U. S. 66, and *Pennsylvania R. R. Co.* v. *Rusynik*, 117 O. S. 530, bars a recovery as a matter of law.

Both of these cases are based upon the principle that if in approaching a railroad crossing the driver of a vehicle fails to look in the direction from which at train is approaching at a time and place when such looking would have been effective and such failure results in an injury, such failure constitutes contributory negligence as a matter of law, barring a recovery.

While it is true that there may be circumstances distinguishing a given case from the facts revealed in said two cases, nevertheless in the opinion of the Court the facts alleged in the petition herein show conclusively that plaintiff's decedent, in view of all the circumstances and the situation in the instant case, did not attempt to look for an approaching train at a time and place when such looking would have been effective, and that in the instant

case he was guilty as a matter of law of such contributory negligence as will bar a recovery.

A decision of the Supreme Court June 4, 1930, in the case of *Columbus, Delaware & Marion Electric Co.* v. *O'Day. Admx.*, in which the opinion is rendered by Judge Allen, emphasizes the correctness of the conclusion reached by the Court herein.

It follows tha$t$ the demurrer of the Railroad Companies will be sustained.

## DEMURRER OF CITY OF CINCINNATI.

Reference has been made to the detailed statement of the various alleged acts of negligence of the various defendants for the purpose of more clearly showing the application of the principles of law announced by our Supreme Court. It is needless to say that when there is a detailed statement of facts, an erroneous or unwarranted legal conclusion sought to be deduced therefrom will not prevail.

In the instant case the only act of negligence on the part of the City of Cincinnati is that of oiling the street. Presumably the conclusion is sought to be deduced that this was not a proper performance of the duty of the City under General Code Sec. 3714. Does it, however, follow that the City failing to perform such duty, can be jointly sued with other defendants whose negligence is of a different character and whose alleged torts are grounded upon other principles?

In view of the contention of plaintiff's attorney, it seems necessary to remind that there is a clear and well founded distinction between concurrent and related torts on the one hand and joint torts on the other hand. This distinction has been pointed out by our Supreme Court in *Morris* v. *Woodburn*, 57 O. S. 330; *Village of Mineral City* v. *Gilbow*, 81 O. S. 26; *Bellow* v. *Cleveland*, 106 O. S. 94 at 104; and by our own Circuit Court in the case of *Heils* v. *Cincinnati Traction Co.*, 14 C. C. (N.S.) 384.

It only requires a casual reading of the petition to show that the alleged negligence of the City, though concurrent and related to that of the other defendants, was

not of a joint character, such as is illustrated in cases where a passenger in a street car sues both a Street Railway Co. and a Steam Railroad Co. for injuries received by a collision between such street car and a locomotive at a grade crossing.

It follows that the demurrer of the City of Cincinnati will be sustained upon the ground of a misjoinder of parties defendant.

(Supplemental Opinion.)

July 9, 1931.

Heretofore, on May 28, 1931, the court rendered an opinion herein sustaining the demurrer of the city of Cincinnati to the petition on the ground of misjoinder, and sustaining a general demurrer of the steam railroad companies to the petition. Since then re-argument has been had upon the general demurrer of the steam railroad companies and general demurrer of defendant the Cincinnati Street Railway Company to the petition has been argued.

After due consideration the court has reached the following conclusions:

DEMURRER OF CINNCINNATI STREET RAILWAY COMPANY.

In detail the petition states the alleged negligence of the Street Railway Company to be as follows:

That it maintained a watchman at the grade crossing on Erie avenue over the line of the steam railroad; that as plaintiff's decedent approached the railroad right of way such watchman, acting in the course of his authority, stood at the railroad crossing and signalled a street car traveling along Erie avenue and operated by employees of the Street Railway Company, to cross the railroad tracks; that the watchman remained standing on the tracks looking in the direction from which a locomotive and train of the steam railroad companies was approaching; that at said time he knew that vehicles, including the automobile driven by plaintiff's decedent, were approaching the crossing; that the watchman stood in the position of looking toward the approaching train

until the street car which he had signalled had progressed about twenty feet beyond the crossing, when he turned and walked toward the street car; that the Street Railway Company maintained a signal light which flashed green while the street car was crossing the tracks and until it reached a point twenty feet beyond the crossing; that such green light is customarily used to indicate safety for traffic moving toward such light; that the Street Railway Company maintained a booth for this watchman so near the right of way that it appeared to be a booth of a watchman employed by the steam railroad companies to warn of approaching trains; that no warning of approaching train was given plaintiff's decedent by such watchman.

On behalf of the Street Railway Company it is argued that the allegations of the petition do not show a violation of any duty owed by the Street Railway Company to plaintiff's decedent; that the only duties of the watchman of the Street Railroad Company were with respect to street cars and that such watchman owed no duty to the public; that the maintenance of the green light was for the purpose of enabling the Street Railway Company's employees to discharge the duties incumbent upon them toward passengers and that such light was a signal to such employees of the Street Railway Company.

In the opinion of the court such argument is based upon sound principles and requires that the demurrer be sustained.

It was forcibly urged on behalf of plaintiff that notwithstanding the Street Railway Company was doing a lawful act, nevertheless if such lawful act results in injury to others an action will lie.

In support of such proposition the well considered case of *Kimber* v. *Gas Light & Coke Co.,* 1 *King's Bench Division* (1918), 439, is cited.

That case was one where the owner employed a builder to do some work. The builder's workman in the course of such work removed a board in the floor leaving a hole. Plaintiff came to the premises for a lawful purpose and was admitted by the builder's workman. The hole hav-

ing been unfenced, she fell into it and was injured. The judge found that owing to insufficient light the unfenced hole was a concealed danger and awarded damages to the plaintiff.

The gist of the decision affirming such judgment appears in the opinion of Bankes, L. J., at page 445, as follows:

"If a person created a dangerous condition of things (something in the nature of a concealed trap), whether in a public highway, or on his own premises, or on those of another, and he sees some other person, who to his knowledge is unaware of the existence of the danger, lawfully exposing himself, or about to expose himself to the danger which he has created, he is under duty to give such person a warning."

In other words, the person doing the lawful act does so in such manner as to create a dangerous condition, viz., is guilty of negligence.

That a person doing a lawful act in a lawful manner is not liable unless he actively does something by way of commission rather than by way of mere omission is illustrated in the opinion in said case delivered by Scrutton, L. J., wherein he says at page 446:

"A sees a blind man walking along a highway straight into a pond and gives him no warning; A is not legally liable, for he is under no legal duty to B. But if A has himself made the hole in the highway, he is under legal liability at once."

In the opinion of the court it is not the correct statement of a principle of law to say that one doing a lawful act may nevertheless be under liability. The proper statement is rather that one doing a lawful act may be liable if he does the lawful act in such manner as to actively or negligently cause injury to another. An illustration of this is that one may build a fire on his own premises, but that if one builds a fire on his own premises with a high wind blowing and as an obvious consequence resulting in such fire being communicated to a neighbor's property, then under the latter circumstances only the party is liable for the consequences of his act.

It follows that the demurrer of the Street Railway Company will be sustained.

### RE-ARGUMENT OF DEMURRER OF STEAM RAILROAD COMPANIES.

It is claimed that the opinion of the Supreme Court in the case of *C., C., C. & St. L. Ry. Co.* v. *Kuhl*, 123 Ohio St., 553, published since the opinion of the court in the instant case, calls for a different conclusion than that reached by the court herein in its opinion of May 28.

A careful consideration of the Kuhl case shows that it is entirely consistent with the opinion of the court in the instant case, and the former decisions of the Supreme Court of Ohio in *R. R. Co.* v. *Rusynik*, 117 Ohio St., 530, and *D. T. & I. Rd. Co.* v. *Rohrs*, 114 Ohio St., 593, and *C. D. & M. Electric Co.* v. *O'Day, Admx.*, 123 Ohio St., 638.

In the Kuhl case there is no reference made to the former decisions, nor any intention to change or modify the law of these cases manifested. Upon the contrary, the Kuhl decision is expressly based upon the peculiar facts of that case, as shown by the following quotation at page 559 from the opinion of Allen, J.:

"It is not in every instance contributory negligence as a matter of law to cross a railroad track in front of a seen engine. The circumstance that the engine was backing is of real importance. Reasonable minds might infer that the decedent saw the engine at some point and assumed either that it was moving forward or that it would stop before it reached the highway, or would signal if it intended to cross the highway. The argument of counsel for the railroad company that the train did not need to signal after it had been seen ignores the fact that the signal not only gives warning of the presence of an engine but also constitutes a signal of intention. Kuhl had the right to assume that the employees of the railroad company, in approaching the highway intersection, would comply with the statute. Under the circumstances, we conclude that the record does not raise an inference of negligence on the part of Kuhl as a matter of law."

In the instant case the court adheres to its opinion sustaining the demurrers of the steam railroad companies.