## YOUNGSTOWN & SUBURBAN RY CO v FRIGOSIN

Ohio Appeals, 7th Dist, Mahoning Co

No 2227. Decided Nov 30, 1935

Osborne Mitchell, Youngstown, and David C. Haynes, Youngstown, for plaintiff in error.

Morris Mendelssohn, Youngstown, for defendant in error.

**OPINION**

By NICHOLS, J.

In the brief and oral argument for plaintiff in error no claim is made of error in the introduction of evidence by the plaintiff below, and no further claim of error is made as to the exclusion of evidence offered on behalf of the defendant below, except in the matter of the court's refusal to permit the introduction of evidence as to the fact that The Youngstown and Suburban Railway Company operates its interurban electric railway on its own private right of way where the same crosses East Florida Avenue in the City of Youngstown, and in excluding evidence that said railway company operates its lines to various points in Mahoning and Columbiana Counties. We find no prejudicial error in this respect for the reasons hereinbefore stated. The principal errors relied upon in brief and oral argument of counsel for plaintiff in error arise out of the divergent views of counsel for plaintiff in error, and the trial court, with relation to the rules of law applicable to the situation presented by the pleadings and the evidence in this case. The plaintiff in error maintains that its rights on the Florida Avenue crossing were the same as those of a steam railroad; that the defendant in error was required to effectively look and listen before going upon the tracks of the defendant below; that the defendant in error failed to so look and listen, and that such failure was the direct and proximate cause of the accident. The plaintiff in error further maintains that the court should have sustained the motions for a directed verdict and should further have sustained the motion of defendant below for a judgment upon the special findings as inconsistent with the verdict actually rendered by the jury.

As opposed to these contentions of plaintiff in error the trial court charged the jury as follows:

"The rights of the plaintiff who was driving his truck on East Florida Avenue, and of the defendant who operated its street car across East Florida Avenue along that crossing where this accident occurred, were equal, mutual and reciprocal, except as the equality of rights may be affected by the fact that the street car could not turn off the track. This fact, however, does not alter the duty of the plaintiff nor enlarge the rights of the defendant, whose right in the street remained co-equal with the plaintiff. Both the plaintiff and the defendant were required, exercising this equal right, to exercise ordinary care to prevent collisions at that crossing. The one who can most readily adjust himself to the exigencies of a particular situation must do so when necessary to avoid injury at such crossing. The duty owing to keep a look out to avoid danger was just as fully imposed upon the one as upon the other, the only different right which the street car company had resting from the necessity of the car confining its travel to the track and the consequent inability to turn out to avoid an accident. It was the duty of the defendant, through its motorman, to exercise reasonable and ordinary care in the management, operation and control of its car as to circumstances required to avoid injury to another in a vehicle crossing its track at that

point. It was the defendant's duty to exercise ordinary care in keeping a look out for vehicles on the street and to have its car under such control as to be able on the shortest possible notice to decrease the speed of the car to avoid collision therewith, if ordinary care required him so to do. It was further its duty to exercise ordinary care as to the speed in which the car was being operated toward East Florida Avenue crossing, and to give warning of its approach toward the crossing, such as ordinary care in the situation would require."

It seems. apparent that this quoted portion of the charge of the court to the jury required of the defendant that it have its interurban car under such control as it approached and crossed East Florida Avenue that there would be no possibility of a collision at the crossing regardless of how negligent the traveler upon East Florida Avenue might be.

Passing for the time being the question whether or not the trial court should have sustained the motions made by defendant below for a directed verdict, we consider the errors claimed by the plaintiff in error in connection with certain requests to charge, submitted by the defendant below.

Assuming for the time, but not now deciding, that the motions for directed verdict were properly overruled, we find no error was committed by the court in refusing the fourth request to charge submitted by the defendant below. This charge omits the requirement that the contributory negligence of the defendant must be such as was a proximate cause of the collision and, under the circumstances shown in this case, would have been misleading to the jury in that it ignores the element of time and opportunity manifest in the emergency such as confronted the defendant in this case. The only evidence as to the conduct of the operator of the motor vehicle when his truck stopped on the street car track was that he put his foot on the gas, and then right away he put his foot on the starter to start the motor, and glanced right and left and saw the street car. In such emergency it was for the jury to say whether the plaintiff, at the time his truck stalled on the street car track, acted as an ordinarily prudent person would act under like circumstances. The opportunity to think and act must be taken into consideration, and since it is apparent that he was required to act suddenly and in an emergency without opportunity for deliberation, whether or not he was guilty of contributory negligence for his failure to first look in each direction for the street car before attempting to start his automobile is a question of fact for the jury under proper instructions.

See: **4 Ohio Jurisprudence, Automobiles, p. 640, §48.**

In answer to the specific question of fact No. 2, propounded to the jury, the jury did find that the plaintiff attempted to start his engine and drive off of the tracks before looking to the right or left for an approaching car or train. But, by its general verdict, the jury must have found that plaintiff's failure in this emergency to look to the right and left before attempting to put on the gas and start the motor was not failure of the plaintiff to exercise ordinary care under the circumstances. In this we find no prejudicial error.

The sixth request to charge, submitted by the defendant below, was properly refused in that it would have been misleading to the jury under the facts and circumstances shown by the evidence in this case, and would have prevented recovery even though the plaintiff below had properly exercised his faculties of sight and hearing, and had seen that no electric car was approaching on said tracks when he attempted to cross the same. Undoubtedly the plaintiff had the right to use this street, and if his truck stalled upon the railway track without any fault or negligence upon his part, or even because of his negligence, and was there stalled on the track when the operator of the electric car saw him in such position of peril far enough away that he could, by the exercise of ordinary care, stop the car and prevent the collision, then under the last clear chance doctrine plead in the petition the plaintiff might have recovered.

The court made no charge to the jury upon the subject of the last clear chance but, of course, since the verdict of the jury was in favor of the plaintiff, there was no prejudicial error in this respect; yet it was incumbent upon the court in determining whether to give to the jury the special instructions presented by the defendant below to give or not give the same in view of the facts plead and shown by the record.

In view of the final conclusion arrived at by this court, we find that the refusal of the trial court to give to the jury the seventh request to charge, submitted by the defendant below, was prejudicial error.

The **Baltimore & Ohio Rd. Co. v Kately, 12 Oh Ap 16;**

**N. Y. C. & St. L. Rd. Co. v Kistler, 66 Oh St 326.**

The refusal of the court to give the tenth

request to charge, submitted by the defendant below, was not error for the reasons assigned as to the refusal to give the fourth request, submitted by defendant below.

There was no error in the refusal of the trial court to give to the jury the request submitted by defendant below after argument. The request is too general in its nature and failed to define the care required of the plaintiff and the defendant under the circumstances shown in this case. We are not inclined to hold that the rights of a street railway company or a steam railroad company at a street or highway crossing are superior to the rights of one lawfully using the street or highway. Both are required to use ordinary care. That which each is required to do in the exercise of ordinary care differs because the interurban electric car and the steam railroad train operate on fixed tracks and, by reason of their greater weight, are less easily stopped or checked than an automobile.

The jury, by its answer to the interrogatory No. One propounded to it by the defendant below, found that the plaintiff lost control of his truck and thereby stalled the same on the tracks of The Youngstown and Suburban Railway Company. Did this finding entitle the defendant below to a verdict in its favor non obstante veredicto? We will consider this question together with the question whether the court erred in refusing to sustain the motions of defendant below for directed verdict.

If the rule laid down by the Supreme Court of Ohio in certain of its early decisions, notably in the case of Steubenville and Wheeling Traction Company v Brandon, Administrator, 87 Oh St 187, as set forth in the syllabus, is the law applicable to the case at bar, the defendant below was not entitled to a verdict non obstante veredicto, nor did the court err in overruling the motions for directed verdict, or in refusing to give the requested charge of defendant, numbered "third."

The court clearly holds in Steubenville and Wheeling Traction Company v Brandon, Administrator, supra, that:

"Omission by one about to drive a horse and wagon across a street railway track constructed and operated upon a public street in a much frequented part of a city, to look for the approach of a car is not, in all cases as matter of law, negligence which will defeat a recovery for injuries received by such driver in a collision between the wagon and a car of the railway company, his duty being to exercise ordinary vigilance to avoid a collision, and whether he has exercised such vigilance or not depends upon the circumstances of each particular case."

In Traction Company v Brandon, supra, the street car was being operated upon the public highway and not upon its private right of way, and in this respect, at least, is distinguished from the case at bar wherein the street car was being operated upon the private right of way of the defendant. Undoubtedly it is and has been the law in this State, for many years, that one traveling upon a public highway and about to cross the tracks of a steam railroad must keep his automobile, truck, or other vehicle under control, so as to be able to stop the same before going upon a railroad track if by the use of his senses of sight and hearing at such point as the use thereof will be effective to discover the approach of a steam railroad train so close as to make it probable that the train can not be stopped in time to avoid a collision. This rule has been one of necessity because of the fact that the railroad train runs upon a fixed track and can not turn out, and by reason of its greater weight it is less easy to check its speed or stop than a smaller vehicle.

It is the claim of the plaintiff in error in this case that the same rule applies to the case at bar because the same conditions exist in that the defendant's electric car was being operated upon a fixed track whereby it was impossible to turn the same out, and by reason of its greater weight was less easy to check or stop than the smaller vehicle.

From the evidence in the case at bar, it is clear that the plaintiff below was familiar with the location of the street car track across the highway; had knowledge of the fact that street cars were frequently operated on said track over said crossing; that the street upon which plaintiff's truck was being driven was icy and slippery; that the highway approaching the street car track was down-grade, and that the plaintiff was familiar with the operation of automobiles and knew of the likelihood of his truck skidding upon the icy highway. The plaintiff himself testifies that he applied his brakes "hard" at a point about twenty-five to thirty-five feet away from the street car track, and thereupon the truck skidded and he lost control thereof.

Beyond question the evidence discloses that the plaintiff did not look and listen for the approach of this street car at a point where such looking and listening

would have been effective. Of course, if under the rule laid down in Traction Company v Brandon, supra, it was not negligence as a matter of law for him to fail to look and listen, then it was a question of fact for the jury to determine under all the facts and circumstances shown by the evidence as to whether or not the plaintiff acted as a reasonably prudent person under like circumstances.

The case of **Cincinnati Street Ry. Co. v Snell, 54 Oh St 197,** was decided by the Supreme Court of Ohio about the time automobiles first came into use as a mode of travel and when the use of electricity was likewise considered a new motive power on street railways. That case did not arise out of a collision between an electric street car and an automobile, but was one where a pedestrian was injured at a street railway crossing, and where the injured person testified that he did look in both directions and listen for the street car, but where the circumstances showed that if he had actually looked to the east he would have seen the street car which struck him. The trial court directed a verdict in favor of the defendant, which was reversed by the Circuit Court, and the decision of the Circuit Court was affirmed. In the majority opinion of the court we read the following:

"It is insisted that, in the best view of the case for the plaintiff, the evidence shows that he did not look to the east; for while it may be that the verbal evidence tended to show that he did look in that direction, yet he could not have done so, for if he had he surely would have seen the coming car, and that, as matter of law, it is negligence for one about to cross a railway not to look each way. Authorities are to be found giving apparent support to this proposition. The practice in some courts is for the court to direct a verdict whenever, in the opinion of the judge, the evidence would not warrant a judgment. And some of these decisions imply that the court has held persons about to cross a street car track to the same degree of care as would be demanded were he crossing a steam railroad. We think there is no just analogy between the right of a street railway running cars along a highway and the right of a steam railroad running its trains across a highway at grade, and that the rule of care incumbent upon one about to cross a steam railroad is hardly a fair one to be applied to all its strictness to street railways in cities where a car that can be speedily stopped passes a crossing at frequent intervals, and where people necessarily cross the streets frequently and hurriedly."

Shauck and Burket, JJ, dissented from the majority opinion, and in the dissenting opinion written by Judge Shauck, and concurred in by Judge Burket, he defines the rule laid down by the Supreme Court of Ohio applicable to a situation where a person is about to cross the tracks of a steam railroad by which it is made the imperative duty of

"a person in the full enjoyment of the faculties of seeing and hearing, before attempting to pass over a known railroad crossing, to use them for the purpose of discovering and avoiding danger from an approaching train; and the omission to do so, without a reasonable excuse therefor, is negligence which will defeat an action by such person for an injury to which such negligence contributed."

Shauck, J, further states in his opinion:
"Neither the authorities nor the reasons involved will permit a distinction between steam cars on the one hand and electric and cable cars on the other as to the application of this rule."

It is impossible to reconcile the various decisions of our courts upon this subject prior to the decision of the Supreme Court in the case of:
**Columbus, Delaware & Marion Electric Co. v O'Day, 123 Oh St 638,** wherein our Supreme Court seems to have finally determined that the same rules apply in the case of an electric interurban railway as in the case of a steam railroad.

The case of Electric Co. v O'Day, supra, arose out of a collision between an automobile and an electric interurban car at a city street crossing. The facts set forth in the opinion do not disclose whether the street car was operating upon its private right of way, or whether its tracks were located in the public street. At the crossing in question the street car company maintained an automatic signal alarm which failed to operate as the automobile approached its railroad crossing. It can readily be seen that the facts make a much stronger case for plaintiff than in the case at bar. The syllabus, by the court, is as follows:

"Where an action for damages is instituted, arising out of the collision upon a highway of an automobile and an inter-

530

urban car, and the jury in answer to certain interrogatories states that, if the decedent, the driver of such automobile, had looked, he would have seen the interurban car in time to stop his automobile in a place of safety, and also answers ·that the decedent did not look in the direction of the on-coming interurban car when he was far enough from the interurban railroad track to stop his automobile before reaching the crossing, it is reversible error for the trial court to overrule the defendant's motion for judgment upon the interrogatories.

"Where an automatic signal alarm, voluntarily instituted and operated by an interurban street railway company at a city street crossing, fails to operate as a traveler approaches such crossing, its failure to operate is not in the nature of an implied invitation to cross. The alarm constitutes a warning merely.

"The presence of an automatic signal alarm, voluntarily instituted and operated by an interurban railway company at a city street crossing, does not absolve a traveler upon the highway from the exercise of the care that a reasonably prudent person would exercise under all the circumstances. Such care upon the part of a driver of an automobile includes the obligation of exercising the faculties of sight and hearing, when such driver is far enough from the railway track to be able to stop his automobile before reaching the crossing."

It is observed that the Supreme Court in this later expression of the rule of care devolving upon one about to drive an automobile over a street railway crossing includes the obligation of exercising the faculties of sight and hearing when such driver is far enough from the railway track to be able to stop his automobile before reaching the crossing.

Not even the plaintiff himself, nor any of his witnesses in the case at bar, testifies that he, at any time while approaching this crossing, exercised his faculties of sight and hearing before attempting to cross the railway track of the defendant. Instead, the plaintiff below admits and testifies, and the jury finds, that plaintiff lost control of his automobile and skidded upon the street car tracks where he discovered that his automobile engine had stopped running.

Undoubtedly it is a matter of common knowledge that ice upon a highway, causing the same to be in a slippery condition as testified by the plaintiff, renders an automobile liable to become out of control and skid, and requires a greater degree of care upon the operator thereof under such circumstances.

In the case of:

Lynch, Administratrix v The Penna. Rd. Co., 48 Oh Ap 295, (17 Abs 71) the court holds, in the syllabus, as follows:

"1. An operator of a motor vehicle approaching a railroad crossing, who failed to slacken his speed until within twenty-five feet thereof and was then unable to stop, due to the oiled condition of the street, as a result of which the car swerved and collided with the side of a locomotive crossing the street, the oil and the crossing being plainly visible for a considerable distance, is guilty of contributory negligence as a matter of law.

"2. The fact that such locomotive, under the circumstances, was traveling at an excessive rate of speed does not prevent the court from directing a verdict in favor of the railroad company for the reason that such excessive speed could not have been the proximate cause of the accident."

In the opinion of Lynch, Administratrix v The Penna. Rd. Co., supra, at page 297, the court say:

"It is today a matter of common knowledge that the presence of oil, such as is usually placed upon streets, makes them extremely slippery. It is very difficult to bring vehicles to a stop. They will skid and slide very easily. A condition of the street which is so obvious requires that a vehicle operated upon a street so oiled must be under perfect control. To drive an automobile up to a railroad crossing over which a locomotive or train may be caused to pass at any moment, at what would be a safe rate of speed when the street was dry, may be sheer madness when the street is covered with oil up to the crossing. It is clear that decedent made no effort to stop the automobile until within twenty-five feet of the crossing, and that he was then unable to stop, owing to the condition of the street.

"Certainly in the face of the evidence produced in this case the jury were not only warranted in bringing in a verdict for the defendants, but were required to do so by the evidence when the case was submitted to them."

If, as we are compelled to conclude from the opinion of the Supreme Court in Railway Co. v O'Day, supra, the obligation of one about to pass over an interurban electric railway track is the same as the duty of one about to cross a steam railroad track

in that he must exercise his faculties of sight and hearing when he is far enough from the railway track to be able to stop his automobile before reaching the crossing, then we must conclude that the plaintiff in the case at bar, being familiar with the location of the railway track and the operation of cars thereover, the grade of the street, the icy and slippery condition of the street, failing to exercise his faculties of sight and hearing when he was far enough from the railway track to be able to stop his automobile before reaching the crossing, and failing to keep his automobile under control, was guilty of negligence, which directly and proximately contributed to his injuries.

It is clear to us, from our examination of the record, that the collision was, at least, no more the result of the manner of operation of the street car than the manner of the operation of the automobile, and that the failure of the plaintiff to keep his automobile under control at the time and place, and under the circumstances shown by the record, and his failure to look and listen for the approach of the street car when he was far enough from the railway track to be able to stop his automobile before reaching the crossing, was a direct and proximate cause of the collision. So finding, it is manifest that the trial court erred, not only in its charge to the jury, in its failure to grant the motion for verdict non obstante veredicto, but likewise erred in overruling the motion of the defendant below for a verdict in its favor at the conclusion of all the evidence, unless the plaintiff was entitled to recover in this case under the doctrine of the last clear chance plead in his petition. As stated above, the court failed to charge the jury upon the doctrine of the last clear chance, and it is our understanding that a verdict can not be sustained under the two issue rule unless at least one of the issues is presented to the jury under proper instructions of the court. In this case the trial court, at the conclusion of its general charge, inquired of counsel for both parties if there were any errors or omissions, or suggestions to make to the court. Counsel for plaintiff stated: "I have none." It therefore seems that counsel for plaintiff conceded that the evidence did not warrant a charge under the doctrine of the last clear chance. With this we agree, as there is no evidence in the case from which the jury might have found that the operator of the street car saw the plaintiff in a position of danger on the street car track in time, by the exercise of ordinary care, to have averted the injury.

Coming to the conclusions hereinbefore stated, it is manifest that substantial justice has not been done in this case, and the judgment of the trial court must be reversed, and this court coming on to render the judgment which should have been rendered by the trial court upon the motion of defendant below for a directed verdict, and for verdict non obstante veredicto, final judgment is rendered herein in favor of the plaintiff in error and against the defendant in error.

Judgment reversed and final judgment entered for plaintiff in error.

CARTER and ROBERTS, JJ, concur.