Jones, J.
 

 It is not necessary to discuss the issue of defendant’s negligence raised by the pleadings and evidence, since the evidence on that issue was conflict
 
 *388
 
 ing. We confine ourselves to the chief legal question presented, and that is whether the undisputed evidence and the testimony of plaintiff’s truck driver disclosed that he was guilty of contributory negligence as a matter of law. The Municipal Court and the Court of Appeals answered that in the affirmative. The facts may be brieflly stated. Those relating to contributory negligence come from the lips of the driver of the truck and were testified to by him on the witness stand.
 

 Colerain avenue in the city of Cincinnati runs approximately north and south. At a railroad crossing on that avenue there are three parallel railroad tracks running in an easterly and westerly direction.
 
 Gates
 
 operated by gatemen were maintained on each side of the crossing-, one on the south and the other on the north side. These gates were approximately sixty feet apart. The truck driver testified that about 7:10 on a May morning he was driving his truck north on Colerain avenue. As he approached the crossing the gates were up; but just as he was crossing the first or south track, and while he was on that track, he observed that the north gate had started to descend. While he testified that he had shortly before been driving at a greater rate of speed, he said that the speed at which he was driving just before he entered the crossing was at a rate from twenty to twenty-five miles an hour, and that he continued at the same speed until he reached the middle track, when he gave his truck more gas in an endeavor to cross before he was caught by the descending gate. He testified that at a point twenty feet south of the first track he looked to the left, but did not look to the east, which was the direction from which the train was coming, until about the time the train struck him on the northern track. He was asked:
 

 “Q. As you were on the first track did you look east or the direction in which the train was coming? A.
 
 *389
 
 When I was looking there the gates were coming down and then I knew a train was coming.”
 

 A large billboard had been erected near the southeast crossing, which undoubtedly obstructed his view; but it is' clear from the record that, while he was on the first track when he saw the north gate beginning to descend, he had an unobstructed view to the east for several hundred feet. The truck driver testified that his eyesight and hearing were good.
 

 While safety gates in an upright position may give the traveller assurance that he can safely pass, yet no one can know when they will start to descend; but when they do they give to the traveller assurance of imminent danger which calls for caution. The driver testified that he confined his attention entirely to his effort to beat the gates and that he kept his eyes upon their descent the entire time. Had he exercised the caution that an ordinarily prudent man would have exercised under the same circumstances by applying the brakes to his car and looking in the direction of the approaching train, the accident could have been avoided. This he failed to do. A driver upon a highway cannot rely upon an assumption that a crossing protected by gates will always remain safe. He knows gates are placed there for his own safety; but he also knows that they may come down at any time. The protection provided by the use of safety gates is not unlike the protection taken by railroad companies in the maintenance of automatic signal alarms. In the latter class of cases, we have held that the failure of such alarms to .exercise their proper functions does not absolve the traveller from the duty of exercising such care as ordinarily prudent men would use under similar circumstances.
 
 Toledo Terminal Rd. Co.
 
 v.
 
 Hughes,
 
 115 Ohio St., 562, 151 N. E., 916;
 
 Columbus, Delaware & Marion Electric Co.
 
 v.
 
 O’Day, Admx.,
 
 123 Ohio St., 638, 176 N. E., 569.
 

 We find ourselves in accord .with the opinions of
 

 
 *390
 
 the trial and appellate courts in holding that, by his conduct, the driver of the truck was guilty of negligence which directly contributed to the injuries sustained by the truck. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Matthias, ■ Day and Zimmerman, JJ., concur.