Gorman, J.
 

 The jury in its special findings found that the whistle on the interurban car was not blown as it approached the crossing, and the car was being operated with dim lights. ' The petition likewise alleged that the car was being operated at a speed of eighty miles an hour. In determining whether the special findings are inconsistent with the general verdict the court does not consider the evidence, but only the pleadings, issues and special and general findings.
 
 Board of Commissioners of Mercer County
 
 v.
 
 Deitsch,
 
 94 Ohio St., 1, 113 N. E., 745.
 

 There was, therefore, ample to show negligence on the part of the defendants. The only question is whether the special finding of the jury shows that the conduct of Fox constituted contributory negligence which would prevent his recovery upon the general verdict.
 

 If the special finding in answer to the third interrogatory was clearly and irreconcilably in conflict with the general verdict, the judgment of the Court of Appeals should be reversed and that of the Court of Common Pleas affirmed.
 
 Davis
 
 v.
 
 Turner,
 
 69 Ohio St., 101, 68 N. E., 819.
 

 In
 
 Columbus, Delaware & Marion Electric Co.
 
 v.
 
 O’Day, Admx.,
 
 123 Ohio St., 638, 176 N. E., 569, the question submitted to and the answer given by the jury were: “Did Ralph O’Day as he approached the track of the Columbus, Delaware & Marion Electric Company on Oakland Park avenue on the morning of April 11, 1927, look to the south for an interurban car when
 
 *276
 
 lie was far enough from the railroad track to stop his automobile before reaching the crossing?” Answer: “No.”
 

 In that case the jury found that if O’Day, the driver of the automobile, had looked he would have seen the interurban car in time to have stopped his automobile in a place of safety. Since he had failed to look as he approached the track, his failure constituted contributory negligence.
 

 Not only was a different question propounded in this case, but the facts are also dissimilar. In the petition it is stated that Fox “looked in both an easterly and westerly direction for an approaching car and listened for the signal of the approaching said car” when about ten feet from the track. Taking this in connection with the special finding, it must be conceded that Fox looked when about ten feet from the crossing, but failed to look when six or eight feet from the tracks.
 

 Furthermore, under the somewhat ambiguous interrogatory submitted, the jury did not make a finding that if Fox had looked when six or eight feet from the crossing and had seen the approaching car he could have stopped his automobile before reaching the tracks. This court is unable to assume as a matter of law that he could do so.
 

 A driver of an automobile while approaching a crossing must exercise ordinary care, which imposes upon him a duty to both look and listen.
 
 Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.
 
 v.
 
 Lee, Admr.,
 
 111 Ohio St., 391, 397, 398, 145 N. E., 843;
 
 Detroit, Toledo & Ironton Rd. Co.
 
 v.
 
 Rohrs,
 
 114 Ohio St., 493, 151 N. E., 714;
 
 Toledo Terminal Rd. Co.
 
 v.
 
 Hughes,
 
 115 Ohio St., 562, 154 N. E., 916;
 
 Columbus, Delaware & Marion Electric Co.
 
 v.
 
 O’Day, Admx., supra; Lohrey
 
 v.
 
 Baltimore & Ohio Rd. Co.,
 
 131 Ohio St., 386, 3 N. E. (2d), 54. He must look and listen at such time and place and in such manner'as will make the looking and listening effective.
 
 Pennsylvania Rd. Co.
 
 v.
 
 Rusy
 
 
 *277
 

 nik,
 
 117 Ohio St., 530, 159 N. E., 826, 56 A. L. R., 538;
 
 Detroit, Toledo & Ironton Rd. Co.
 
 v.
 
 Rohrs, supra.
 

 But, as was said by Judge Allen, “the law does not prescribe the exact point at which the traveler on the highway is to look and listen.”
 
 Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.
 
 v.
 
 Kuhl, Admx.,
 
 123 Ohio St., 552, 558, 559, 176 N. E., 222.
 

 Consequently, inasmuch as it must be presumed Fox did look and listen when ten feet from the crossing, we cannot say that he was negligent as a matter of law if he failed to look when six or eight feet from the track, when there is no finding that had he then looked he would have been able to stop his automobile. Neither can the court say as a matter of law that his failure to look when six or eight feet from the crossing directly contributed to his injuries.
 

 Under such circumstances, the special finding of the jury was not inconsistent with the general verdict, and the judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.