**GROVE, Adm., Plaintiff-Appellant, v. CITY RAILWAY COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1827. Decided December 14, 1945.

Scharrer, Scharrer and Hanaghan, Dayton, for plaintiff-appellant.

Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

## OPINION

By WISEMAN, J.

This is an action for wrongful death brought by the plaintiff-appellant in the Court of Common Pleas, Montgomery County, Ohio, wherein a verdict was directed for the defendant-appellee.

Plaintiff-appellant gave notice of appeal on law and fact. The appeal on law and fact cannot be maintained. Counsel have proceeded as an appeal on law. We, therefore, so consider the appeal and in the entry journalizing this decision it may be so stated.

The plaintiff-appellant complains that the trial court committed error prejudicial to his substantial rights manifest upon the record and proceedings in the Common Pleas Court and has filed an Assignment of Errors as follows:

1. The finding and judgment of said Common Pleas Court of Montgomery County, Ohio, are contrary to law;

2. The finding and judgment of said Common Pleas Court of Montgomery County, Ohio, are contrary to the law and the evidence;

3. The said Common Pleas Court of Montgomery County, Ohio, erred in overruling plaintiff-appellant's motion for a new trial, to which he duly excepted;

4. The judgment of said Common Pleas Court of Montgomery County, Ohio, was given for the defendant-appellee, when it ought to have been given for said plaintiff-appellant;

5. For other errors manifest on the face of the record.

All of the Assignments of Error revolve around one particular legal proposition. Did the trial court commit error in taking the case from the jury at the end of plaintiff's case and directing a verdict for the defendant on the ground that, as a matter of law, plaintiff could not recover because of the contributory negligence of plaintiff's decedent? We think the trial court was right in directing the verdict and did not commit prejudicial error in so doing.

The court has read the record, examined the authorities cited by counsel in their brief and has been assisted by the able presentation of this case in oral argument.

Only a brief statement of facts will be necessary. The collision occurred on the afternoon of February 22, 1941, between a street car of the City Railway operated outside of the city limits of Dayton, in the open country, and an automobile driven by the plaintiff's decedent, as a result of which plaintiff's decedent was killed almost instantly. The car tracks are on a private right-of-way which extends parallel to, and on the north side of and adjacent to the Eaton Pike, west of Dayton, at about 7/8ths of a mile distant from the city limits. On the afternoon in question, the plaintiff's decedent had made a visit to a friend who resides several hundred feet north of the pike and north of the defendant's right-of-way. The decedent was driving a sedan and as she proceeded out of the private lane which extended north from the pike, she drove her automobile at a rate of speed of approximately five miles per hour. The testimony is overwhelming to the effect that over a distance of one hundred or one hundred and fifty feet before she came to the tracks of defendant company, the speed of her automobile was not increased or decreased appreciably; that for some distance north of the right-of-way, the decedent had an unobstructed view of the defendant's right-of-way for a distance of several hundred feet west of the point of collision; that the street car of the defendant company was proceeding eastwardly and was gaining speed from a point approximately two hundred feet from the place of the collision up until the collision occurred; that the motorman was not looking in the direction in which the street car was moving, but had turned around and was talking to a passenger in the car; that the motorman did not see the decedent approaching and did not reduce the speed of the street car prior

to the collision; that the collision occurred in the late afternoon on a clear day.

Do these facts show that the decedent was guilty of contributory negligence? In order to determine this question, the court must decide whether the decedent exercised that degree of care which was required of her at that time and place. If, in the exercise of ordinary care, she could have prevented the accident, she is guilty of contributory negligence which bars a recovery. This accident happened in the open country and not on the streets of a municipality. The rule of law which controls in this case has been concisely stated in **Electric St. Railroad Co. v Lohe, Admr., 68 Oh St 101**, at Page **110**, as follows:

"It seems reasonably clear that while operating the cars of an interurban railroad within a municipality, the regulations and powers of a street railroad company are applicable, but when it comes to running cars of such railroads in the open country, upon a track substantially the same as the track of a steam railroad, and at a high rate of speed, it would seem that the same rules as to negligence, and contributory negligence, should prevail, as applicable to steam railroads."

This rule of law is supported by many other cases, only two of which will be cited: **C. D. & M. Elec. Co., v O'Day, 123 Oh St 638; Youngstown & Suburban Ry. Co. v Prigosin, 20 Abs. 521, 53 Oh Ap 189.**

Did the decedent, as she approached the car tracks of the defendant company, look and listen, and do so at such time and place and in such a manner as made her looking and listening effective? The evidence in this case indicates that she failed to do so, and that if she had done so, she was in a position to stop her automobile and to prevent the accident. Her failure to effectively look and listen and stop her automobile when she was in position to do so, amounts to contributory negligence which prevents recovery.

This proposition of law as it applies to this case, is supported by a number of authorities in Ohio. It will be sufficient to quote briefly from only a few of the authorities cited. In the case of **The Detroit, Toledo & Ironton Rd. Co. v Rohrs, 114 Oh St 493**, the first two paragraphs of the syllabus:

"1. It is the duty of a driver of a vehicle upon a public

highway when approaching a grade crossing of a steam railroad to both look and listen for approaching trains and to do so at such time and place and in such manner as will make the looking and listening effective."

"2. When such driver upon the highway has a clear and unobstructed view each way along a straight railroad track when near to and before going upon such crossing, and fails, in broad daylight, to see an engine or train which is then very close to the highway, and so near thereto as that, if the driver of the vehicle goes ahead, a collision will be inevitable, such driver is guilty of negligence in going upon the crossing at that time and under those conditions."

This proposition of law is supported by the following cases:

**Penn. Rd. Co. v Rusynik, 117 Oh St 530.**

**C., D. & M. Elec. Co. v O'Day, 123 Oh St 638.**

The Cincinnati Traction Co. v Renner, 13 C. C. (N.S.) 479. (Affirmed by the Supreme Court, without opinion, **86 Oh St 351.**)

The Ohio Traction Co. v Smith, 15 C. C. (N.S.) 124.

The Cincinnati Traction Co v Edwards, Adm., 22 C. C. (N.S.) 539.

Griese v Cleveland Electric Railway Co., 24 C. C. N. S. 60.

**Lynch, Admrx v Penn. Rd. Co., 48 Oh Ap 295.**

In C., D. & M. Elec. Co. v O'Day, supra, the third paragraph of the syllabus reads as follows:

"The presence of an automatic signal alarm, voluntarily instituted and operated by an interurban railway company at a city street crossing, does not absolve a traveler upon the highway from the exercise of the care that a reasonably prudent person would exercise under all the circumstances. Such care upon the part of a driver of an automobile includes the obligation of exercising the faculties of sight and hearing, when such driver is far enough from the railway track to be able to stop his automobile before reaching the crossing."

In the case of The Ohio Traction Co. v Smith, supra, the syllabus of the case reads as follows:

"It is the duty of one about to drive across a railway track to look and listen for an approaching car or train in such manner as will make his looking and listening effective;

and where obstruction of vision or the noise of his vehicle makes it necessary for him to stop in order that his "looking and listening may be effective, it is his duty to stop, and failure so to do constitutes contributory negligence requiring the taking from the jury of an action for injuries from being struck under such circumstances."

In the case of Griese v Cleveland Electric Railway Co., supra, the third paragraph of the syllabus reads as follows:

"One about to cross a street car track, is bound to use his senses to ascertain whether a car is about to cross or is approaching a crossing, and if he fails to see or hear anything, when a careful and prudent man by using his eyes and ears with ordinary care would have discovered a car in so close proximity to the crossing that he could not safely drive across, he is guilty of negligence and cannot recover for his injuries."

In the case at bar the defendant company was guilty of negligence in operating its street car in that its agent, the motorman, was looking in a direction other than that in which the car was being propelled, and that the street car traveled a distance of several hundred feet while the motorman was not attending to his usual duties, but it is also quite clear from the record in this case, that the decedent could not have failed to see and hear the rapidly approaching street car for quite a distance from the point of collision if she had looked and listened. It was her duty to use her faculties and to exercise ordinary care under the circumstances to avoid the accident.

We think that the evidence introduced by the plaintiff conclusively shows that the decedent was negligent in driving her automobile upon the car tracks, when by the exercise of ordinary care, she could have avoided the collision. It is not explained in the record why she drove her automobile upon the car tracks. It is not for this court to judge why she acted in the manner in which she did. The court cannot indulge in pure conjecture. It is sufficient for this court to find that she failed to exercise ordinary care, and that her failure to so exercise ordinary care was the proximate cause of the collision and bars recovery.

Under the rule of law which controls in this case, which has been uniformly followed by the courts of this state, the trial court did not commit error in directing the verdict for the defendant.

The court finds that counsel for plaintiff used the words "Plaintiff-Appellee" in place of Plaintiff-Appellant. A correction has been made on the record by the court, and the court has used these terms in the manner in which the record was corrected, and has accordingly made the correction in the Assignment of Errors.

The judgment of the trial court is affirmed.

HORNBECK, P. J., and MILLER, J. concur.