EASTERN MOTOR DISPATCH, INC., Plaintiff-Appellant, v. PENNSYLVANIA R. R. COMPANY, et., Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4050. Decided November 14, 1947.

Cowan, Adams & Tyler, and James Buchan of Counsel, Columbus, for plaintiff-appellant.

Burr, Porter, Stanley & Treffinger, and Charles S. Gillespie of Counsel, Columbus, for defendant-appellee Railroad Company.

Joseph M. Harter, Columbus, for defendants-appellees Insurance Companies.

204

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, in which the Court at the close of all the evidence, directed the jury to return a verdict for the defendant. The plaintiff claims the trial court erred in directing the verdict and in entering judgment for the defendant.

This is an action for damages growing out of a collision between plaintiff's tractor-trailer and a train operated by the defendant company at a grade crossing located in Franklin County and outside a municipality. The collision occurred where James Road, a public highway, crosses the defendant's right of way. The highway extends in a northerly and southerly direction and the defendant's right of way in an easterly and westerly direction.

On February 3, 1943, at about 7:55 o'clock P. M. the plaintiff's tractor-trailer was being driven in a northerly direction on said highway and while crossing the tracks of defendant company, the trailer was struck by a fast moving passenger train which was proceeding in an easterly direction.

The plaintiff alleged seven specifications of negligence against the defendant company, two of which were stricken on motion at the close of the plaintiff's case for lack of sufficient proof. The allegations of neglignce remaining were: That the train was being operated at an excessive rate of speed; that a whistle signal was not given; that a bell was not sounded; that the watchman employed by defendant company at said crossing failed to warn the driver of plaintiff's tractor-trailer of the approach of said train; and that said watchman failed to use stop signal or lantern in view of the driver, but stood motionless without giving any signal whatever.

Assuming that defendant company was negligent, the question for determination is whether the plaintiff was chargeable with contributory negligence. Before directing a verdict for the defendant the Court was required to interpret the evidence most favorably to the plaintiff. **Hamden Lodge v. Gas Co., 127 Oh St 469, 482; Bauer v. Cleveland Ry. Co., 141 Oh St 204; Wilkeson v. Erskine & Son, 145 Oh St 229.**

After construing the evidence most strongly in favor of the plaintiff, if reasonable minds could reasonably arrive at but one conclusion, which was adverse to the plaintiff, it was the duty of the Court to direct a verdict for the defendant. 39 O. Jur. 794, 795.

Was the driver of plaintiff's vehicle guilty of negligence which contributed as a proximate cause of the collision? The evidence shows that there were three tracks on defendant's right of way; the south track, being the first track to be crossed as the driver approached said crossing from the south, was an eastbound slow moving freight track; the next track, being the middle track, on which the train was moving, was an eastbound mainline track; the third track, being on the north side, was a westbound mainline track; that the south track was thirteen feet south of the eastbound mainline track; that on the southeast corner of the crossing there was a one-story residence which was located thirty to forty feet south of the track; that there was a shed back of the house to the west and to the north of this residence; that some distance west of the dwelling there were tank cars standing on the track. In construing the evidence most strongly in favor of the plaintiff, the conclusion may reasonably be drawn that the driver of plaintiff's vehicle stopped as he approached the crossing, saw no train approaching, saw the watchman on the north side of the tracks waving a red and white lantern, and then started across, and as he was crossing the tracks he happened to look down the tracks and saw the train approaching, whereupon he stepped on the gas to get out of the way. The tractor cleared the track but the trailer was struck on the left side by the locomotive. The tractor-trailer has a combined length of thirty-eight feet.

The driver was chargeable with the duty to look and listen, and to do it at a time and place and in a manner to make the looking and listening effective. Detroit, Toledo & Ironton Railroad Co. v. Rohrs, 114 Oh St 493; Fox v. Conway, 133 Oh St 273, 276; Patton v. Penna. Rd. Co., 136 Oh St 159, 163; Grove v. City Ry. Co., 78 Oh Ap 37, 42.

If the driver failed to exercise due care in driving across the defendant's tracks he was guilty of contributory negligence which would prevent recovery. However, the defendant company employed a watchman at the crossing, whose duty it was to warn persons of approaching trains. Whether the driver exercised due care in driving across the tracks must be determined in view of the conduct of the watchman. In Railway Co. v. Schneider, 45 Oh St 678, in the third syllabus the Court held that:

"Persons approaching the crossing or about to cross have the right to presume, in the absence of knowledge to the contrary, that the gatemen are properly discharging their duties, and it is not negligence on their part to act on the presumption that they are not exposed to dangers which can arise only from a disregard by the gatemen of their duties. Hence an open gate with the gateman in charge is notice of a clear track and safe crossing, and in the absence of other circumstances, when the gates are open and the gatemen present, it is not negligence in persons approaching the crossing with teams to drive at a trot, or pass on to the tracks through the open gates without stopping to listen, though the view of the tracks on either side of the crossing is obstructed; nor in such case is their failure, when at a distance of twenty-five feet from the track, to look for locomotives one hundred and fifty feet or more from the crossing, negligence, though they could have been seen."

This case has been frequently cited and commented on with approval. We do not find where the Supreme Court has ever disapproved of the holding in that case, and for this reason we conceive it still to be the law. In **Columbus, Delaware & Marion Electric Co. v. O'Day, Admx., 123 Oh St 638**, the Court held:

"The presence of an automatic signal alarm, voluntarily instituted and operated by an interurban railway company at a city street crossing, does not absolve a traveler upon the highway from the exercise of the care that a reasonably prudent person would exercise under all the circumstances. Such care upon the part of a driver of an automobile includes the obligation of exercising the faculties of sight and hearing, when such driver is far enough from the railway track to be able to stop his automobile before reaching the crossing."

In **Thomas v. Penna. Rd. Co., 70 Oh Ap 191**, (Opinion by Judge Geiger of the 2nd Judicial District) it is held:

"Where a crossing watchman, standing at his post in full view of a truck driver on the highway approaching the crossing, does not at any time raise his semaphore or give any warning of an approaching train, the truck driver's view of the tracks in one direction is impaired by trees, brush and poles, and no whistle or bell on an approaching train is sounded, the truck driver is not guilty of contributory negligence as a matter

of law in relying upon the crossing watchman to signal in a case of danger from approaching trains.

"The watchman's conduct in such case, in standing at the crossing in full view of approaching motorists, with his stop sign in his hand but not raised, and not giving any signal to stop or indication that there is danger, is an invitation for the truck driver to cross the tracks."

The evidence in the case at bar most favorable to plaintiff's case is found in the testimony of the driver of plaintiff's vehicle, who testified as follows:

"Q. Mr. Pulsipher, we would like to know just the truth or what happened at that time.

A. * * * And as I come onto the switch **I slowed up** and there is a building there, and I think there was some tank cars sitting there, and **I slowed up and dropped the truck into third gear and started across the tracks.** I saw the watchman standing over by the shanty **waving a red light and a white light.** So when I saw him waving these lights, **I thought he was motioning for me to come across, so I started across the track and I happened to look down the track** to the west and I saw the train coming. **My only thought was to get out of the way** and I stepped on the gas as hard as I could, and I thought I missed it, and just then I heard the whistle of the train. I realized it was coming pretty fast, by the sound. The watchman never gave me any sign to stop or never whistled or raised his light or hollered or nothing, so I cleared the track and the thing hit me * * *." (Emphasis ours.)

On cross-examination he testified as follows:

"Q. Now you say that as you came up to the crossing, did you say you stopped or did not stop?

A. I stopped at the side track that goes along past that building, also stopped there and shifted.

Q. Did you look to the west?

A. Well, I looked, I couldn't see anything at the time.

Q. I just asked you if you looked; answer yes or no.

A. Yes, I looked.

Q. And at that time you saw the watchman waving a red and white lantern?

A. Yes."

208

With respect to the driver's first observation of the approaching train, he testified as follows:

"Q. Mr. Pulsipher, what track were you on when you first saw the train approaching?
A. I was on the main track, mainline, right in front of the train."

Does this evidence show the driver of plaintiff's vehicle to be guilty of contributory negligence as a matter of law? We think not. At once a question arises as to whether the waving of a red light and a white light by a watchman, not at his post of duty, was a signal to the driver to stop or an invitation to cross. The driver interpreted the signal as an invitation to proceed. Whether he was right in believing the watchman signaled him to proceed was a question of fact to be submitted to the jury. If the signal was to stop, the driver was guilty of contributory negligence in proceeding to cross; but if the signal was an invitation to proceed, under the authorities cited, the driver had a right to assume the track was clear, and in proceeding to cross he was not guilty of contributory negligence as a matter of law. In view of the conduct of the watchman in waving both the red and white lights a factual situation was presented which should have been presented to the jury in determining whether the driver under all the circumstances exercised due care in driving across the tracks. In construing the evidence most strongly in favor of the plaintiff we are of the opinion that reasonable minds could reasonably arrive at different conclusions. There was evidence introduced in support of the specifications of negligence alleged in plaintiff's petition. On this state of the record the motion of defendant for a directed verdict should have been overruled and the case submitted to the jury. Judgment reversed and cause remanded.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.