MRS. MARJORIE WELLER, appellee, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY, appellant.

No. 48141.

(Reported in 55 N.W.2d 720)

150

DECEMBER 16, 1952.

Soper & Nelson, of Nevada, and Miller, Davis, Hise & Howland, of Des Moines, for appellant.

Clark & Kelley, of Ames, for appellee.

MULRONEY, C. J.—The injury, which is the subject of plaintiff's suit, occurred on the sidewalk on Kellogg Avenue in the city of Ames in the area where the avenue is crossed by nine tracks of defendant-railroad. The pedestrian and vehicular travel across the crossing was regulated by gates, which were manually operated from a tower about a block away, for train movements across the crossing on the south seven tracks. The gates at the north and south approaches are about 166.3 feet apart and they lower automatically when there is a train on either of the two north or main line tracks within 3000 feet of the crossing. There are flashers and bells at the gate barriers that operate for five or six seconds before the gates begin to lower and it takes five or six seconds more for the gates to lower to a stop position. Most of the time there are standing rows of freight cars parked close to the sidewalks on some of the south seven tracks.

On the afternoon of July 25, 1949, plaintiff and her four-year-old daughter were walking south on the east sidewalk on Kellogg Avenue. Plaintiff was carrying some parcels and she had her daughter by the hand. The gates were down on the north

side of the crossing and plaintiff and her daughter waited while a freight train went by on one of the main line tracks. After the train passed, the gates went up but almost immediately lowered again. No train went over the tracks while the gates were down the second time but they waited a short period of time until they again went up and plaintiff and her daughter started walking south over the crossing. When they had walked about half way across the crossing the gates started to lower again and the bell rang and the signal flashed. Plaintiff said she knew there was a train approaching some place but she did not know just where it was so they proceeded about five or ten feet more and then plaintiff could tell that there was a train coming from the east on a track some place in front of her. She testified she knew that there was not anything on the track they were standing near. She said she and her daughter could hear the train and she became frightened and the little girl became hysterical and kept trying to get away from her to run to the south gate. Plaintiff said she dropped her parcels and purse and "swooped" up the child just as the train on the last track to the south crossed the sidewalk about 30 feet ahead of her. She remembered someone in the cab shouting something to the effect "It is all right, honey, we are not going to hurt you, little girl." She said that when she "swooped" up her child she had "a sort of pop in my back and a terrific pain in the lower back." There was medical testimony tending to establish a back injury due to a sudden movement or strain. The only other witness who had any knowledge of plaintiff's accident was an engineer of defendant-company who remembered that one day in the summer of 1949 he was conducting a switching movement at this crossing and as his engine came around the end of some boxcars, traveling at about three miles per hour, he saw a lady having trouble with a little girl, and he saw the child tugging her mother and the mother bending over the child with her arm around her.

The specific ground of negligence pleaded was "negligently and carelessly" raising the gate and allowing plaintiff and her daughter to start across the crossing when a train was approaching a short distance to the east. The trial court overruled the motion for directed verdict based on the alleged failure of the

evidence to establish negligence or proximate cause and submitted the case to the jury on the ground of negligence asserted in the petition. The jury returned a verdict for $2056, and the appeal is from the court's order overruling defendant's motion for judgment notwithstanding verdict.

■ I. Defendant's motion should have been sustained. There just was no proof of any negligent act upon the part of the railroad. The gates are for the protection of highway travelers. When they are raised there is some invitation to the traveler to cross. But the traveler entering the crossing on a raised gate does not pre-empt the crossing until he has crossed all the tracks. The most that can be said for the raised gate is that it would lessen the degree of care otherwise incumbent upon persons about to cross a railroad track. Wabash Ry. Co. v. Glass, 6 Cir., Ohio, 32 F.2d 697. When they are lowered they warn the traveler of danger from approaching trains. And this is true when the gates are lowered after the traveler enters the crossing. 75 C. J. S., Railroads, section 801; Lohrey v. Baltimore & O. R. Co., 131 Ohio St. 386, 3 N.E.2d 54. Granted the right to use the crossing at the time in question, it can hardly be argued the movement of a train across the sidewalk 30 feet in front of plaintiff would be a negligent act. The lowering gate, flashing signal and bell warned plaintiff and her daughter of this train movement— warning them to stay in the place of safety where they were or proceed with utmost caution.

■ Plaintiff argues the "right to rescue" doctrine, but it has no application here. The attempted rescue consisted in restraining the child, who was not in a place of peril but in a place of safety. The child would have to be in a place of imminent danger caused by the negligence of defendant in order to render the doctrine of "right to rescue" applicable.

Since we hold plaintiff's evidence fails to make out a prima facie case of negligence we do not reach the question of the sufficiency of the showing of proximate cause between the acts of defendant and the mother's injury. The cause is reversed and remanded for judgment for defendant dismissing plaintiff's action.—Reversed and remanded.

All JUSTICES concur.