Coös,
July 1, 1910.

## GENEST v. ODELL MANUFACTURING CO.

If a person called as a witness is employed by one interested in the result of
the suit, the fact may be shown and counsel may comment upon it, as
bearing upon the credibility of the testimony; and it is immaterial that the
employer is not a party of record, if the fact of his interest is made to
appear.

The statement in argument of a fact not in evidence does not furnish cause
for setting aside a verdict, if the remark in itself is not prejudicial and
inferences of a prejudicial nature are neither made nor attempted.

Where a party to an action calls as witnesses persons in his employ, the ad-
verse party may legitimately comment upon the relationship and the
influences attendant thereon, as bearing upon the probability that such tes-
timony will be unduly favorable to the employer's cause.

CASE, for personal injuries received by the plaintiff while in the
defendants' employ. Trial by jury and verdict for the plaintiff.
Transferred from the December term, 1909, of the superior court
by *Chamberlin*, J., on the defendants' exceptions to remarks of
counsel in closing argument which appear in the opinion. The
action was before the court upon a former transfer (*ante*, 365),
when a new trial was ordered on the issue of the validity of the
plaintiff's release and on the question of damages.

*Remick & Hollis* and *Alexander Murchie* (*Mr. Murchie* orally),
for the plaintiff.

*Drew, Shurtleff & Morris* (*Mr. Morris* orally), for the defend-
ants.

BINGHAM, J. The defendants seek to set aside the verdict for
the plaintiff upon exceptions taken to remarks of counsel in his
closing argument. The questions thus presented are the only ones
that require consideration, as a guardian *ad litem* has been appointed
to take charge of the suit for the plaintiff.

1. Dr. O'Brien, a witness for the defendants, testified upon cross-
examination that he was employed to attend the men who
were injured at the defendants' mill and was paid for this
service by an insurance company. This evidence was received
without objection. Later, the plaintiff's counsel offered to prove
that an insurance company was interested in the defence of the
suit; but upon its being suggested by the court that unless that

fact was material upon some issue in the case it ought not to be introduced, the offer was withdrawn. In the argument counsel for the plaintiff said, "Here is Dr. O'Brien, he works for the Travelers' Insurance Company," whereupon an exception was taken and counsel withdrew the remark, stating to the jury that it was not evidence, and nothing further was said with reference to the matter.

As Dr. O'Brien was employed by an insurance company to attend the men who were injured at the defendants' mill, and this fact was in evidence, it would seem that it would have been competent for the plaintiff to have shown that the insurance company which employed him was interested in the result of the suit, as bearing upon his credibility as a witness. It is common practice, where a party to a suit calls as a witness a person in his employ, to permit this fact to be shown and for counsel to comment upon it, as bearing upon the witness' credibility (2 Wig. Ev., s. 949); and it can make no difference that the employer of the witness is a party in interest and not a party of record, the additional fact of interest being shown.

The defendants, however, contend that the plaintiff's counsel attempted to state in his argument what he was not permitted to prove by evidence when he said to the jury that Dr. O'Brien worked for the Travelers' Insurance Company; that by so doing he injected into the case (1) that the defendants were insured against accidents by an insurance company, (2) that Dr. O'Brien was employed by that company and (3) that his testimony was likely to be warped or prejudiced. But these deductions were not made or attempted to be made by counsel, and the jury were not asked to make them. On the contrary, they were told by counsel that what he had said was not evidence and to disregard it. Moreover, it could not be inferred from the statement that Dr. O'Brien was employed by the Travelers' Insurance Company, that the defendants were insured in that company, or that the insurance was against accidents; and as no statement was made embodying such a conclusion, either directly or inferentially, we think this exception cannot be sustained.

2. Most of the witnesses who testified for the defendants were in their employment at the time of the trial. Counsel for the plaintiff, in commenting upon this in his argument, said: "These men that have testified for the defendants are all in the employ of the defendants; they are over here at the risk of being discharged if they do not testify prompt and right. They are working for the Odell Manufacturing Company. There was evidence that Mr. Seymour, and Mr. Pope, and Mr. England, and Mr. Fuller, and every other one I can think of except Mr. Odell, are working for

the Odell Manufacturing Company. And when a man works for another he must know that his job depends on pleasing that other; and I argue to you, gentlemen, that is human nature, and we have a right to consider it, and I argue to you that these men are more likely to stretch the truth in favor of the Odell Manufacturing Company because they are working for them."

It seems to us that this was legitimate argument. It is a reasonable inference that an employee will favor the interests of his employer; that he will strive to do what will please rather than displease him, with the hope that if he pleases he may himself incur favor and obtain advancement, and with the feeling or belief that if he incurs displeasure he may lose favor and perhaps his employment. These are natural influences attending the relationship and during its continuance may properly be considered in determining the correctness of his action. When he testifies as a witness for his employer the same natural influences are at work, and in determining the weight or credibility of his testimony they are proper elements to be considered. The argument here in question must be viewed as a whole; and when so considered, it is apparent that counsel was calling the attention of the jury to the relationship existing between the witnesses and the defendants, and the influences attendant thereon, as bearing upon the probability or likelihood of their testimony being more favorable to the defendants than to the plaintiff, though not necessarily so.

*Exceptions overruled.*

All concurred.