Day, J.
 

 There are two questions presented by
 
 *359
 
 this record. The first arises upon the motion of the Hope Oil Company, defendant in error, to dismiss this proceeding for the reason that no exception was taken to the finding of the Court of Appeals in affirming the judgment of the court of common pleas.
 

 While it is claimed that a supplemental journal entry was prepared by the Court of Appeals preserving such exception, we do not feel that the same was necessary, for the reason that, in so far as the rights of the Central Gas Company, plaintiff in error, to its judgment on the special findings of fact, are concerned, the same were finally settled and determined by the Court of Appeals in sustaining the common pleas court in refusing to enter judgment thereon in favor of the Central Gas Company; that is to say, by remanding the case for a new trial and overruling the motion for judgment on the special findings of fact, whatever rights the Central Gas Company had under said special findings were forever lost and finally disposed of adversely to the Central Gas Company; hence, to that extent, upon that feature of the case, the action of the court was a final judgment, and no exception to the finding of the Court of Appeals in that regard was necessary.
 
 Commercial Bank of Cincinnati
 
 v.
 
 Buckingham,
 
 12 Ohio St., 402:
 

 “In order that a final judgment may be reviewed, reversed, vacated or modified, it is not necessary that the party seeking its reversal, should have excepted to such final judgment at the time of its rendition.”
 

 Justice
 
 v.
 
 Lowe,
 
 26 Ohio St., 372, is to the samé effect.
 

 
 *360
 
 We are, therefore, of opinion that the motion to dismiss this proceeding in error for failure to note an exception to the judgment of the Court of Appeals is not well taken, the same being in the nature of a final judgment upon that feature of the case.
 

 The second question relates to the relative rights of the parties upon the special findings of fact. Upon the issues tendered by the pleadings, the interrogatories were pertinent, and the trial court was right in submitting the same to the jury. The answers thereto show conclusively that the jury allowed nothing on the special items of damage set forth in the second cause of action, and we fail to find under the pleadings how the item of $900, returned on the general verdict, could be based upon any other claims for damages than those specially set forth in the second cause of action.
 

 It is true that the second cause of action of the petition contained the language:
 

 “Plaintiff further avers that its No. 3 well at the time they entered into the contract with plaintiff, was producing about one barrel of oil per day but that in drilling said well from the Keener to the grit sand, said well was destroyed as an oil producing well and is producing gas only.”
 

 There is some reference in the evidence, as contained in the bill of exceptions, as to the loss of this oil, as follows:
 

 “Q. You may state to the jury, Mr. Preitag, what the effect upon this well was from what it was producing then from the Keener sand to the drilling down of it. A. It was producing one barrel of oil per day in the Keener and lime sand, and when we drilled it down to the grit sand, it
 
 *361
 
 did not produce any oil at all; it was destroyed as an oil well.”
 

 And in two places in the record allusion is made to the possibility of saving this oil by using proper precautions. Outside of these three points, we are unable to find in the record further testimony on the question of the loss of the oil.
 

 Now, the averments of the second cause of action in the petition relate to the following items: Expenditure in the equipment, in the way of labor and laying pipe line and setting up engine, $300 ; expenditures in the way of equipment, necessary and essential, and provided for in the claimed agreement, $740; cost of drilling well No. 3 from the Keener sand to the Berea grit $1,200, making a total of $2,240, from which sum the item referred to in the averment “that said equipment is now not worth more than the sum of $370” is to be deducted, which leaves a balance of $1870.
 

 In the prayer for damages the following appears :
 

 “That by reason of the foregoing, plaintiff is damaged in the sum of $1,870.”
 

 Now if the sum of $200 asked for in the first cause of action be added to the foregoing item, to-wit, $1,870, the total is $2,070. This amount must have been in the pleader’s mind, as the close of the petition is as follows:
 

 “Plaintiff therefore prays judgment against defendant in the sum of $2,070 with interest on $200 from this 24th day of March, 1921, for costs and such other and further relief to which plaintiff in equity may be entitled.”
 

 It would, therefore, seem apparent that the peti
 
 *362
 
 tion itself did not declare upon other damages than those specifically set forth as above enumerated, and the record is silent as to the market value of the oil claimed to have been lost; nor does the charge of the court in stating the issues to the jury, and instructing them as to damages, indicate that this feature of the controversy between the parties was submitted to the jury as an item of damages. The paramount issue was rather as to whether there was a contract at all or not, and the question of damages was secondary. The charge in that behalf was as follows:
 

 “If you further find from a preponderance of the evidence, that there was a contract between the parties, and that the defendant violated the contract, and that the plaintiff is entitled to damages, then the rule for estimating the damages to which the plaintiff would be entitled, is the difference between the actual value of the material or fixtures at the time they were purchased, and the actual value of them at the time of the violation of the contract, to this amount might be added, if you so find the facts to be, such expenses [as] are partial or total losses to plaintiff, if any, such as labor, or any other loss he may have sustained that comes within the description I have given you.”
 

 In no event could the plaintiff recover for more than he prayed in his petition, and having limited himself to the items of damages indicated, we can find nothing in either the pleadings or the entire record to sustain the item of $900 in the general verdict. That the same, was inconsistent with the special findings, the plaintiff, the Hope Oil Com
 
 *363
 
 pany, must have believed, for in its motion for a new trial the first ground set forth is as follows:
 

 “For the reason that the findings of the jury as shown by its general verdict are inconsistent with its findings as found in its special verdict.”
 

 The court of common pleas was likewise of that opinion, for, as appears by its journal entry, it sustained the motion of the Central Gas Cbmpany for a new trial “for the reason that the answers to the interrogatories attached to the verdict are clearly and irreconcilably inconsistent with the general verdict”; and, further, in the brief of counsel we are advised that the Court of Appeals reached the following conclusion:
 

 “We agree with counsel that the answers to these interrogatories show that the jury did not allow anything under the second cause of action.”
 

 It would, therefore, seem that there is apparent upon the face of the record a clear inconsistency between the special findings of fact and the general verdict in this, to wit, that the $254.67 was allowed for the gas consumed under the first cause of action in the petition and supplemental petition, and the jury specifically finding that they allowed nothing for the special damages averred in the second cause of action we can find nothing to support the item of $900 in the general verdict. Its allowance is, therefore, clearly inconsistent with the special findings of fact.
 

 Now, Section 11464, General Code, provides:
 

 “When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.”
 

 
 *364
 
 This language is plain and mandatory. This duty of the court to render judgment upon the special findings of fact has been heretofore recognized by this court in
 
 Davis
 
 v.
 
 Turner,
 
 69 Ohio St., 101, 112, 68 N. E., 819
 

 We are, therefore, of opinion that the court of common pleas should have sustained the motion of the defendant below, the Central Cas Company, for a judgment in its favor upon the special findings of fact, and that the Court of Appeals erred in sustaining the court of common pleas in its refusal so to do.
 

 Proceeding, therefore, to render the judgment that the court of common pleas should have rendered, judgment is rendered in favor of the Hope Oil Company, defendant in error, for $254.67, and the item of $900 contained in the general verdict rendered herein is set aside and held for naught.
 

 Judgment reversed, and judgment for plaintiff in error on the special findings of fact.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.