## GREYHOUND LINES, INC v KUNZE

Ohio Appeals, 6th Dist, Huron Co

No 285.   Decided May 9, 1932

Doyle & Lewis, and Robert Newbegin, Toledo, and E. G. Martin, Norwalk, for plaintiff in error.

Young & Young, Norwalk, for defendant in error.

RICHARDS, J.

It is earnestly contended by counsel for Margaret Kunze that as the court granted her motion for a new trial, no final order was made. This court can not agree with that contention, as the order overruling the company's motion to enter judgment in its favor on the special interrogatories constitutes a final order to which error may be prosecuted. **Central Gas Co. v Hope Oil Co., 113 Oh St, 354.** In that case a motion for a new trial was granted as asked by the defendant below, notwithstanding which, it successfully prosecuted error to the refusal of the court to grant a judgment upon special findings of fact claimed to be inconsistent with the general verdict. In the case at bar the first interrogatory reads as follows: "Was the defendant guilty of any negligence directly causing plaintiff's injuries?" This interrogatory was answered "yes" by the jury. The second interrogatory was: "If so, of what did that negligence consist?" Answer:

"(1) In failing to see that the baggage was so placed that the pasangers would be safe.

(2) In giving sudden and peremptory orders to plaintiff and the other passengers to stand back, away from said bus."

It is well established that the conflict between special findings and a general verdict must be clear and irreconcilable or the court will not be justified in disregarding the general verdict on the ground of inconsistency. **Davis v Turner, 69 Oh St, 101.** We do not think the answers to these interrogatories are clearly and irreconcilably in conflict with the general verdict. The answer to the second interrogatory is consistent with a conclusion by the jury that the bus driver was negligent in knowingly allowing the baggage to be improperly placed so as to endanger the passengers, and then giving a sudden and peremptory order to them to stand back. In view of the fire under the bus, the passengers may have believed that an explosion was imminent and that the order was given to protect them therefrom and required instant compliance. No error was committed in overruling the motion to enter judgment on the special findings, nor was any error committed in overruling the motion to enter judgment for the defendant on the pleadings, the negligence charged in the petition being in substance the same as disclosed in the special findings.

There remains for disposition the alleged

error in overruling the motion made at the conclusion of the evidence to direct the jury to return a verdict in favor of the company. It must be remembered that the plaintiff was a passenger on route from Wakeman to Detroit and that no fault of hers caused the temporary break in the journey, resulting in the passengers being ordered from the bus with their baggage. After alighting in the dark, in strange surroundings, they were in a sense under the control of the bus driver and the company still owed them care. The conditions were such as to raise an issue for the jury as to whether that care was exercised which the circumstances required.

Complaint is made that the court erred in instructing the jury as to the degree of care required of the company, but as a new trial has been granted, this question is not before the court for decision.

For the reasons given the judgment will be affirmed.

LLOYD and WILLIAMS, JJ, concur.