## THEURER v. HOLLAND FURNACE CO.
### No. 2319.

Circuit Court of Appeals, Tenth Circuit.

Dec. 27, 1941.

496

M. C. Harris, of Logan, Utah (Arthur E. Cooley, of San Francisco, Cal., on the brief), for appellant.

Paul E. Cholette, of Grand Rapids, Mich., and A. W. Watson, of Salt Lake City, Utah (Geo. A. Critchlow, of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

H. A. Theurer, herein referred to as plaintiff, sued Holland Furnace Company, herein referred to as the company, for damages. Plaintiff owned and conducted a mercantile store in Lewiston, Utah. The company was engaged in the business of manufacturing, selling and installing heating furnaces. Plaintiff advised the company that he was in the market for a furnace to heat the store building, and that he was unfamiliar with the heating business; and he suggested that the company make a survey and submit to him a proposal to furnish and install a suitable furnace. After making the survey, the company submitted a proposal in writing, plaintiff accepted it, and it became their contract. It provided that the company should furnish and install the furnace, that it should do all cutting and carpenter work, that all new materials should be of the best quality, that the work should be done in a workmanlike manner, and that plaintiff should provide a good and sufficient chimney for receiving the smokepipe. Plaintiff employed a carpenter to build a stoker room on the rear of the store building and the base upon which the chimney should rest. He cut the hole in the wall through which the pipe should pass in reaching the chimney; but the company designated the place and size, and marked it on the wall. Plaintiff did not employ him to cut the hole, did not direct him to do it, and had nothing whatever to do with it. The opening was approximately sixteen by eighteen inches in size. Plaintiff also employed an experienced plasterer and chimney builder to build the chimney at an agreed price per foot. It was built on the outside of the building, immediately adjacent to the wall.

No breastwork was corbelled into the chimney and projected into and through the opening in the wall. Instead, a row of bricks was placed in the opening resting on the rustic and lath of the wall, with the end toward the outside flush against the wall of the chimney. The company furnished the builder of the chimney with a thimble which he placed through the opening in the wall resting on the row of bricks positioned there, and he then filled around the thimble with pieces of brick and mortar thus filling the space between the periphery of the thimble and the upright studding and other material in the wall. The bricks were not mortised into the chimney; they were merely sealed to it with mortar and were not otherwise bound to it. The thimble was about nine inches in diameter; the upright studding in the wall was sixteen inches apart from center to center; and the space between the outside of the thimble and the studding was approximately two and one-half or three inches. Plaintiff complained that the furnace was not satisfactory. The company sent its representatives to the store for the purpose of adjusting it so that it would furnish adequate heat. They were there more than five hours testing and firing the furnace. As they were about to leave, fire originated in the wall immediately adjacent to the opening through which the smokepipe passed, the building was virtually destroyed, and most of the contents were either damaged or destroyed.

The complaint was in three causes of action. The negligence charged was in cutting such a small hole in the wall that the thimble was necessarily within approximately three inches of the studding, in failing to use a safety thimble or to protect the wall with asbestos or other shield, in heating the furnace to an excessive degree, and in failing to discover the fire and give warning in time to save the property. The company answered denying negligence, pleading contributory negligence in the construction of the chimney, and alleging that the property was insured, that the insurance company had paid plaintiff for the loss, and that he was not the real party in interest; and by cross complaint, it sought to recover the unpaid balance on the purchase price of the furnace. Plaintiff replied admitting that the property was insured, admitting that the insurance company had paid him $14,550.11, but alleging that such payment only partially

covered the loss, and that the insurance company had assigned to him all of its claims and causes of action against the furnace company and authorized him to bring the suit in his own name to enforce them.

The court submitted the case generally to the jury. Two verdicts were returned, one for plaintiff in the sum of $2,700 and the other for the company on its cross complaint in the sum of $625. The court also submitted ten special interrogatories, two on its own motion, six on the request of plaintiff, and two on the request of the company. Such interrogatories and the answers thereto were respectively as follows:

"1. Was the plaintiff negligent in failing, on or prior to the date of the fire on December 26, 1939, to make inquiry of Mr. Lawrence to find out the nature and manner of the construction of the brick connection between the two studdings enclosing the thimble? Answer: Yes.

"2. Were the employees of the defendant negligent in failing to make inquiry of Mr. Theurer or of Mr. Lawrence to find out the nature and manner of this construction? Answer: Yes."

"1. Did the plaintiff have actual knowledge of the defective construction? Answer: No.

"2. Did the agents of the defendant have actual knowledge of the defective construction? Answer: No.

"3. Was the heating plant properly designed and installed to heat this building? Answer: No.

"4. Was the defendant through its agents negligent on the date of the fire in so operating the furnace for a period of five and a half hours in an overheated condition as to negligently cause the fire? Answer: No.

"5. Were the agents of the defendant negligent on the day of the fire while operating the furnace, in failing to discover the fire in time to have sounded a warning and put it out and saved the building? Answer: Yes.

"6. If your answer to the last two questions in the affirmative, was such negligence of the defendant the proximate cause of this fire and damage? Answer: No."

"1. Was the projection extending out from the chimney constructed by Mr. Lawrence through which the thimble passed, a part of the chimney? Answer: No.

"2. In the proper construction of a chimney should the projection through the wall in which the thimble was located have been built as an integral part of the chimney? Answer: Yes."

After denying certain other motions, the court granted the motion of the company to set aside the general verdict in favor of plaintiff on his cause of action, granted the motion of plaintiff to set aside the general verdict in favor of the company on its cross complaint, and entered judgment that neither party recover anything from the other. Plaintiff appealed, the company did not.

■ The instructions of the court are not in the record, and no question is presented concerning them. It must be assumed that they fully and correctly covered the law of negligence and of contributory negligence, making it plain to the jury that plaintiff could not recover unless the evidence established negligence on the part of the company which was the proximate cause of the fire, and further, that even though the company was negligent, plaintiff was precluded from recovering if the evidence also showed negligence on his part which concurred with that of the company in proximately causing the fire. The general verdict for plaintiff must therefore be treated as a finding of negligence on the part of the company and also a finding of the absence of contributory negligence.

■ But, regarding the answer of the jury to the first special interrogatory submitted by the court on its own motion as being in conflict with the general verdict, the court disregarded the verdict and entered judgment against plaintiff on his cause of action. Our attention is called to section 104-25-2, Revised Statutes of Utah 1933, which provides that when a special finding of fact by the jury is inconsistent with the general verdict, the former controls over the latter, and judgment shall be entered accordingly. However, Rule of Civil Procedure 49(a), 28 U.S.C.A. following section 723c, authorizes the submission of special issues to the jury; and subdivision (b) provides that when the general verdict and the answers to the special interrogatories are harmonious the appropriate judgment shall be entered, that when the answers are consistent with each

·other but one or more of them is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict, or may return the jury to give further consideration to its answers and verdict, or may order a new trial, and that when the answers are inconsistent with each other and one or more of them is also inconsistent with the general verdict, the court shall not order the entry of judgment but may direct the jury to further consider its answers and verdict, or may order a new trial. The rule governs over the state statute in respect to the question of procedure. Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479.

■ The rule expressly empowers the court to disregard the general verdict and direct the entry of judgment in accordance with the answers to the special interrogatories where the answers are consistent with each other, but one or more of them is inconsistent with the general verdict. It is plain that the general verdict must yield when it is so clearly at variance with one or more of the answers that the two are irreconcilable in a legal sense. But every reasonable intendment in favor of the general verdict should be indulged in an effort to harmonize the two. The answers override the general verdict and warrant the entry of judgment in disregard of the latter only where the conflict on a material question is beyond reconciliation on any reasonable theory consistent with the evidence and its fair inferences. New York Cent. R. Co. v. Thompson, 215 Ind. 652, 21 N.E.2d 625; Gearhart v. Columbus Ry., Power & Light Co., 65 Ohio App. 225, 29 N.E.2d 621; Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214; Lowen v. Finnila, 15 Cal.2d 502, 102 P.2d 520; Neiswender v. Board of County Commissioners of Shawnee County, 153 Kan. 634, 113 P.2d 115.

■ Evidence was submitted which tended to show that in the construction of a chimney, a breastwork should be corbelled into the chimney and projected through the wall; that it was not good workmanship to place a row of bricks in the opening in the wall resting on the rustic and lath of the wall, with the outside end flush against the chimney and merely sealed there with mortar; and that the chimney was constructed in negligent manner. If so, and assuming without deciding that the builder was an independent contractor, when plain-

tiff accepted it in that condition without inquiry and thereafter used it in connection with the operation of the heating system, the negligence which may have entered proximately into the causation of the fire, if any, became and was his negligence. Cf. Berg v. Otis Elevator Co., 64 Utah 518, 231 P. 832; Sutton v. Otis Elevator Co., 68 Utah 85, 249 P. 437.

■ The response of the jury to the first special interrogatory was a finding of negligence on the part of plaintiff in failing to ascertain the manner of the construction of the brick connection enclosing the thimble. But it did not go further. And while that condition existed to the time of the fire, neither such response nor that to any other special interrogatory amounted to an express finding that the manner in which the bricks were placed around the thimble was the sole or a concurring proximate cause of the fire. The evidence tended strongly to indicate that the placing of the thimble in such close proximity to the studding and other combustible material in the wall was the proximate cause of the fire, and that such proximity was due to the smallness of the hole in the wall. The contract obligated the company to cut the hole, it was cut under its direction as to shape and size, and the company furnished the thimble to be placed therein and used. Accordingly, the jury may well have found from the evidence that plaintiff was negligent in failing to ascertain the manner of the construction of the brick connection enclosing the thimble, that the company was negligent in causing the hole to be cut too small and in consequence the thimble placed too near the studding and other combustible material in the wall, that the negligence of plaintiff was existent at the time of the fire, but that the negligence of the company was the proximate cause of the fire while that of plaintiff had no causal connection with it. There was reasonable support in the evidence and its fair inferences for each and all of such conclusions. The answer to the first special interrogatory and the general verdict were therefore not in irreconcilable conflict in a legal sense. Instead, they could be harmonized. It follows that the answer did not override the general verdict, and that the judgment against plaintiff on his cause of action was improvidently entered.

■ It was suggested in the course of oral argument that although both parties

were negligent, still since the negligence of the company in failing to discover the fire in time to give the alarm and save the building and contents arose subsequent in time to that of plaintiff in failing to ascertain the manner of the construction of the brick around the thimble, plaintiff was not precluded from recovering under a principle somewhat analogous to the last clear chance or discovered peril doctrine. Briefs directed to that question were subsequently filed. The last clear chance doctrine finds its most frequent application in actions for the recovery of damages for death or personal injuries. But it has been applied in cases involving inanimate property; and ordinarily when applied in such a case, it makes culpable the damage or destruction of property where the one causing the damage or destruction could through the exercise of reasonable care have avoided it, even though the owner of the property was guilty of negligence in placing or permitting the property to be in a place of danger. Wright v. Brown, 4 Ind. 95, 58 Am.Dec. 622; Vandalia R. Co. v. Duling, 60 Ind.App. 332, 109 N.E. 70; W. A. Morgan & Bros. v. Missouri, K. & T. Ry. Co., of Texas, 108 Tex. 331, 193 S.W. 134. But the last clear chance doctrine does not come into operation unless the negligence of plaintiff continued to the time of the injury or destruction and concurred with that of the defendant in proximately causing it. In other words, even though the negligence of plaintiff continued to and was existent at the time of the injury or destruction, still he may recover unless his negligence conjoined and was mutual with that of the company in causing it. Center v. Yellow Cab Co. of Los Angeles, 216 Cal. 205, 13 P.2d 918; Rasmussen v. Fresno Traction Co., 138 Cal. App. 540, 32 P.2d 1091; Roanoke Ry. & Electric Co. v. Carroll, 112 Va. 598, 72 S. E. 125; Frazier v. Stout, 165 Va. 68, 181 S.E. 377. In the absence of a finding of the jury that the negligence of plaintiff referred to in the response to the first special interrogatory concurred with the negligence of the company in proximately causing the fire, there is no room for the operation of a doctrine paralleling that of the last clear chance or discovered peril.

 One further question merits consideration. A pre-trial order was entered which stated the issues of fact and of law to be tried. It made no reference to the question of insurance or whether plaintiff was the real party in interest. It recited that the enumerated issues for trial were made upon the statements of counsel, and it contained no indication of dissent or disagreement of either party. As part of his case in chief, plaintiff introduced as a witness an adjuster for a group of fire insurance companies. He testified that as such adjuster, he examined the loss, that the building was substantially a total loss and placed its value at $4,550, that the selling value of the stock was $19,-385.71, and that after deducting the salvaged value of the merchandise saved the net loss on stock was $17,265. Objection was interposed, and thereupon the court stated, "The objection may be overruled. I do not think there is any merit in this idea that the jury will be prejudiced one way or the other about insurance. He had insurance there; it was paid. It doesn't have anything to do with this law suit." The witness was then permitted to testify on further cross-examination over the objection of plaintiff that the building was insured in the amount of $5,000 and the stock in the amount of $10,000; that the policy covering the stock had been paid in full; and that $4,550 had been paid on the policy covering the building. It has been long and frequently held that in the *ordinary action for damages arising out* of negligence, evidence relating to liability insurance or other insurance is inadmissible because it is wholly immaterial to the main issue of negligence with resulting liability for damages, and can serve no purpose except to bias or prejudice the jury. But here the witness testified on direct examination that he was an adjuster for a group of fire insurance companies, and he then testified in respect to values. The decided cases leave little room for doubt that it was permissible to inquire on cross-examination whether any of such companies had policies covering the property. That testimony was admissible, not to prove that the property was insured, but as bearing upon the credibility of the witness and the weight to be given to his testimony. Paxson v. Davis, 62 App.D.C. 146, 65 F.2d 492, certiorari denied, 290 U.S. 643, 54 S.Ct. 61, 78 L.Ed. 558; Lenahan v. Pittston Coal Mining Co., 221 Pa. 626, 70 A. 884; Genest v. Odell Mfg. Co., 75 N.H. 509, 77 A. 77; Robinson v. Leonard, 100 Vt. 1, 134 A. 706; McAndrews v. Leonard, 99 Vt. 512, 134 A. 710; Dempsey v. Goldstein Bros. Amusement Co., 231 Mass. 461, 121 N.E. 429; Gibson v. Grey Motor Co., 147 Minn. 134, 179 N.W. 729; Martell v. Kutcher, 195

500

Wis. 19, 216 N.W. 522; Lyons v. Joseph, 124 Neb. 442, 246 N.W. 859; Moy Quon v. M. Furuya Co., 81 Wash. 526, 143 P. 99; Fletcher v. Saunders, 132 Or. 67, 284 P. 276; Mississippi Ice & Utilities Co. v. Pearce, 161 Miss. 252, 134 So. 164; Bryant v. Welch Furniture Co., 186 N.C. 441, 119 S.E. 823; Oldfield v. Woodall, 113 W.Va. 35, 166 S.E. 691; Cadle v. McHargue, 249 Ky. 385, 60 S.W.2d 973; Jablonowski v. Modern Cap Mfg. Co., 312 Mo. 173, 279 S.W. 89; Hengelsberg v. Cushing, Mo. App., 61 S.W.2d 203. But there the matter should have ended, except for an appropriate instruction explaining the purpose for which the jury could consider such evidence. The further testimony in respect to the amount of the insurance and the adjustment and payment by the insurance company was inadmissible and should have been excluded. Cf. Balle v. Smith, 81 Utah 179, 17 P.2d 224; Saltas v. Affleck, 99 Utah 381, 105 P.2d 176.

The judgment is reversed and the cause remanded with direction to grant a new trial.