Lois Bray VERA CRUZ, Plaintiff-Appellant,

v.

CHESAPEAKE & OHIO RAILROAD and The Erie Railroad Co., Defendants-Appellees.

No. 13618.

United States Court of Appeals Seventh Circuit.

Jan. 10, 1963.

Rehearing Denied Feb. 14, 1963.

Schnackenberg, Circuit Judge, dissented.

Saul I. Ruman, Sachs, Ruman & Tanasijevich, Hammond, Ind., for plaintiff-appellant, Lois Bray Vera Cruz.

Stanley A. Tweedle, Lawyer, Friedrich, Petrie & Tweedle, Hammond, Ind., for appellee, Erie R. R. Co.

Russell J. Wildman, Cole, Wildman & Cole, Peru, Ind., for appellee, Chesapeake & O. Ry. Co.

Before HASTINGS, Chief Judge; and SCHNACKENBERG and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity personal injury action with a general verdict for plaintiff. The District Court, however, entered judgment notwithstanding the verdict for defendants on the basis of special interrogatories. Plaintiff has appealed.

Plaintiff was injured when the Volkswagen in which she was a passenger was struck at night on a Hammond, Indiana crossing by a Chesapeake and Ohio freight train operated on Erie Railroad tracks.

In addition to the verdict for plaintiff, the jury in special interrogatories found that the driver of the Volkswagen was negligent in failing to stop for the flasher signals at the crossing, but that the driver's negligence was not the sole proximate cause; that the Erie was negligent in failing to provide adequate crossing gates at the "extra-hazardous or unusually dangerous crossing" and its negligence proximately caused the collision; and that the Chesapeake and Ohio, in view of the lack of crossing gates, was negligent in speeding excessively and that its negligence was a proximate cause.

The District Court concluded that the special interrogatories were inconsistent with the general verdict and entered judgment notwithstanding the verdict under Rule 49(b), FEDERAL RULES OF CIVIL PROCEDURE. The question is whether that conclusion is erroneous.

The District Court thought that the Erie could not be guilty of negligence in failing to provide gates because the jury found that the driver had been warned by, and disregarded, the flasher signals; that consequently the Chesapeake and Ohio could not have been negligent because, under Indiana law, excessive speed alone could not be negligence; and that therefore the driver's negligence must have been the sole proximate cause.

■ We think, however, that the special interrogatories and the general verdict are harmonious, Theurer v. Holland Furnace Co., 124 F.2d 494, 497 (10th Cir., 1941),[1] 5 MOORE, FEDERAL PRACTICE 2211 (2d ed. 1951). Even though the jury found that plaintiff's driver's negligence contributed to proximately cause the collision, the jury could consistently find, as it did, that the negligence of the Erie in cooperation with that of the Chesapeake and Ohio also contributed to proximately cause the collision.

■ The District Court virtually set aside the special interrogatory finding that the driver's negligence was not the sole proximate cause, and thus raised the inconsistency found. The special interrogatories did not limit the findings the jury could have made; and plaintiff's driver's negligence was not imputable to plaintiff. Constantine v. Pennsylvania R. Co., 114 F.2d 271, 274 (7th Cir., 1940).

The jury could reasonably have found that the highway on which the Volkswagen was being driven at night was heavily travelled; that, in view of the practice of switching and standing of trains near the crossing, the Erie should

---

1. "It is plain that the general verdict must yield when it is so clearly at variance with one or more of the answers [to the special interrogatories] that the two are irreconcilable in a legal sense. But every reasonable intendment in favor of the general verdict should be indulged in an effort to harmonize the two. The answers override the general verdict and warrant the entry of judgment in disregard of the latter only where the conflict on a material question is beyond reconciliation on any reasonable theory consistent with the evidence and its fair inferences." 124 F. 2d 494, at 498.

have maintained gates; and that the Chesapeake and Ohio, for these reasons, knew or should have known of the dangerous nature of the crossing when, at night, it operated "all three diesel engines wide open" drawing sixty-five cars across the busy Hammond street. The findings of negligence, proximately causing the accident, against the Erie and the Chesapeake and Ohio are supported by substantial evidence and the law of Indiana.[2]

■ Since we decide that the special interrogatories and general verdict are harmonious, we hold that the judgment is erroneous, because unauthorized by Rule 49(b).[3]

■ Appellees' motion for judgment notwithstanding the general verdict was joined with an alternative motion for a new trial, on which the District Court did not rule. Appellees cite Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940), as requiring this court to remand for a ruling on their alternative motion. But their brief fails to argue the application of that rule here. In Montgomery Ward there was a sustained effort to have the District Court rule on the alternative motion under Rule 50(b). There is no showing here that any similar attempts were made after judgment notwithstanding the general verdict was entered under Rule 49(b). On this record the District Court might, with justification, have assumed that appellees had abandoned the motion. Under the peculiar circumstances of this case, we think justice requires that we remand with directions to vacate the judgment notwithstanding the verdict and to enter judgment on the general verdict for plaintiff.

For the reasons given, the judgment is reversed and remanded, with directions.

SCHNACKENBERG, Circuit Judge (dissenting).

Finding no error in the proceedings in the district court, I would affirm the judgment from which this appeal has been taken.

2. Constantine v. Pennsylvania R. Co., 114 F.2d 271, 274, 278 (7th Cir., 1940), Elgin J. E. Railroad Co. v. Scherer, 121 Ind.App. 477, 98 N.E.2d 369 (1951). We agree that speed alone does not constitute negligence. But the jury found more than speed here. " * * * the rate of speed to be used in a given case depends on the nature of the crossing and other circumstances surrounding the alleged injury." Brooks v. Muncie & Portland Traction Co., 176 Ind. 298, 306, 95 N.E. 1006, 1010 (1911).

3. Rule 49(b), FEDERAL RULES OF CIVIL PROCEDURE, provides in part: "When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial."