Pamela R. INGRUM, Appellant,

v.

NIXA REORGANIZED SCHOOL DIS-
TRICT R-2; Kenneth Holloway;
Jim Millsap, Appellees.

No. 91-2541.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1992.

Decided June 1, 1992.

Martin S. Lederman, Washington, D.C., argued (Jeremiah A. Collins and Martin S. Lederman, Washington, D.C., and Marilyn S. Teitelbaum, St. Louis, Mo., on brief), for appellant.

Virginia L. Fry, Springfield, Mo., argued (Virginia L. Fry and Rana L. Faaborg, on brief), for appellees.

Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,[*] District Judge.

MAGILL, Circuit Judge.

Pamela R. Ingrum appeals the district court's[1] entry of judgment notwithstanding the verdict in accordance with Fed. R.Civ.P. 49(b). She claims that the district court erred when it found that one of the special interrogatory answers was inconsistent with the general verdict. We affirm.

Ingrum was a probationary science teacher at Nixa High School, Nixa, Missouri, from the fall of 1986 to the spring of 1989. Ingrum is acknowledged by all parties to be an excellent classroom teacher. During the 1988–89 school year, her third year at Nixa, however, Ingrum and her principal, James Millsap, began to experience a breakdown in communication. There were numerous incidents that contributed to the problem. We summarize the primary incidents briefly.

In the spring of 1988, Ingrum told Millsap there were dangerous chemicals in the school that were improperly stored and should be removed. In October, Ingrum contacted the school superintendent, Kenneth Holloway, because she felt the removal had been unreasonably delayed. Once the chemicals had been removed, Millsap discussed the situation with Ingrum. Ing-

---

[*] THE HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1.] The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri.

rum then sent a memo to Holloway indicating that she believed Millsap blamed her for the failure to remove the chemicals earlier and that he had acted in a harassing manner toward her.

Subsequently, Ingrum twice approached Millsap for permission to take members of the science club on extended field trips. When Millsap refused, she appealed his decisions to Holloway and then to the school board.

Several other incidents also illustrated the tension between Ingrum and Millsap. For example, during a meeting with Millsap to discuss the details of a field trip to St. Louis, Ingrum left the meeting abruptly, slamming the outer office door. Ingrum was observed complaining about the school administration in the library while there were students present. Ingrum once "fingered" Holloway behind his back as he walked down the hallway.

At the end of the year, Millsap recommended to the school board that Ingrum's contract not be renewed. Holloway supported Millsap and the school board voted not to renew her contract. Ingrum filed suit against Millsap, Holloway and the Nixa Reorganized School District, on whose behalf the school board acted, claiming they had not renewed her contract in violation of her First Amendment rights.

The district court ruled that Ingrum's speech with regard to the chemicals and the two field trips was protected First Amendment speech and sent the issue of liability to the jury for a general verdict and answers to special interrogatories. The jury returned a general verdict against Millsap for damages in the amount of $75,000 and in favor of Holloway and the school district. The jury answered "yes," however, to a special interrogatory which read, "Do you believe defendant Nixa

School District would have nonrenewed plaintiff regardless of her having spoken freely and openly on the field trips and chemical issues?" The district court found that this answer was inconsistent with the general verdict and entered judgment notwithstanding the verdict under Fed. R.Civ.P. 49(b).[2] Ingrum appeals.

Ingrum argues that the district court erred when it decided that the interrogatory answer is inconsistent with the general verdict. Ingrum cites the general rule that "[e]very reasonable interpretation should ... be indulged in favor of the general verdict in an effort to harmonize it with the answers to the interrogatories, and the latter should be held controlling only 'where the conflict on a material question is beyond reconciliation on any reasonable theory consistent with the evidence and its fair inferences.'" 5A *Moore's Federal Practice* ¶ 49.04 at 49–58 (1991) (quoting *Theurer v. Holland Furnace Co.*, 124 F.2d 494, 498 (10th Cir.1941)); *see also Ludwig v. Marion Labs, Inc.*, 465 F.2d 114, 118 (8th Cir.1972).

Under *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), however, even if an impermissible motive is a substantial factor in the defendant's actions toward the plaintiff, there is no liability if the same action would have been taken even if the plaintiff had not acted in a constitutionally protected manner. In this case, the jury clearly found that Millsap's recommendation that Ingrum's contract not be renewed was impermissibly motivated. However, only the school board had the actual power to nonrenew her contract. The jury found that the school board would have nonrenewed Ingrum "regardless of" her constitutionally protected speech. Therefore, this interrogatory answer is in-

---

**2.** Rule 49(b) reads, in relevant part:
When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.

Appellant argues that, at the least, the district court should have ordered a new trial rather than entering judgment notwithstanding the verdict. This choice is clearly within the discretion of the trial court, however, and we find no abuse of discretion.

consistent with the general verdict imposing liability on Millsap because the jury found that the impermissibly motivated recommendation did not cause the contract nonrenewal.

For the foregoing reasons, we find that the district court did not commit any error when it found that the special interrogatory is inconsistent with the general verdict. We affirm the entry of judgment notwithstanding the verdict in accordance with Fed.R.Civ.P. 49(b).[3]

---

3. Because the jury found that the school board would have nonrenewed Ingrum's contract regardless of her constitutionally protected speech, we find that Ingrum was not entitled to judgment notwithstanding the verdict on her claim against the school district.